UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON,<br><br>Defendants. | Civil Action No. 1:16-cv-10471-WGY<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED SECURITIES CLASS ACTION COMPLAINT

Defendants PTC Inc. ("PTC" or the "Company") and James Heppelmann, Jeffrey Glidden, Andrew Miller, Robert P. Schechter, Michael E. Porter,[1] Paul A. Lacy, Thomas Bogan and Donald K. Grierson (the "Individual Defendants," and, together with PTC, the "Defendants") hereby move pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act 15 U.S.C. §78u-4(b)(3)(A) to dismiss with prejudice the amended complaint in this action (the "Amended Complaint"). For the reasons stated in the accompanying memorandum of law ("Memorandum"), including the exhibits

---

[1] On July 15, 2016, Plaintiff filed a notice of errata stating that Michael E. Porter inadvertently had been named as a defendant, and that Plaintiff "does not assert claims against Mr. Porter." See Notice of Errata (Dkt.#29).

attached to the Declaration of Brian E. Pastuszenski[2] being submitted with the Memorandum, the Amended Complaint fails to state a claim on which relief may be granted because Plaintiff fails to allege (let alone with the required factual particularity) that the Defendants made any actionable misstatement or omission, that the Defendants acted with scienter, or that any of the alleged misstatements caused Plaintiff's alleged losses, as required by Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. Plaintiff's claims against the Individual Defendants under Section 20(a) of the Securities Exchange Act of 1934 likewise fail because Plaintiff has not pleaded an underlying securities law violation and also fails to allege adequately the existence and exercise of control.

## REQUEST FOR ORAL ARGUMENT

The Defendants believe that oral argument will assist the Court in deciding the issues raised by this motion, and therefore respectfully request oral argument pursuant to Local Rule 7.1(D).

/s/ Brian E. Pastuszenski

---

[2] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the exhibits to the Declaration of Brian E. Pastuszenski. Each of those exhibits is judicially noticeable because each is either attached to and incorporated by reference in the Amended Complaint itself, was publicly filed with the Securities and Exchange Commission ("SEC"), consists of other public communications by PTC to investors, or is otherwise a matter of public record not subject to reasonable dispute. *See Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1 (1st Cir. 2014) (in considering motion to dismiss, court may "take into account the . . . documents incorporated by reference in the Complaint, matters of public record, and other matters susceptible to judicial notice") (internal citation and quotation marks omitted); *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (same); *Lindsay v. Wells Fargo Bank, N.A.*, 2013 WL 5010977, at *3 (D. Mass. Sept. 11, 2013) (on motion to dismiss, taking "judicial notice of [a] prospectus which is located on the Securities and Exchange Commission's website" and "critical documents omitted from [the] complaint to avoid interference with the swift, uncomplicated way to weed out plainly unmeritorious cases") (citation omitted); *In re Fruit Juice Prods. Mktg. & Sales Practices Litig.*, 831 F. Supp. 2d 507, 509, 513 (D. Mass. 2011) (on motion to dismiss, taking judicial notice of "facts that have been posted on the FDA's website"). Exhibits 1-24 are documents that have been publicly filed with the SEC.

Dated:  August 30, 2016

Respectfully submitted,

PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON

By their attorneys,

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (BBO# 391030)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax.: 212.355.3333
bpastuszenski@goodwinlaw.com

Inez H. Friedman-Boyce (BBO# 630910)
Timothy Bazzle (BBO# 681771) (Admission Pending)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02110
Tel.: 617.570.1000
Fax: 617.523.1231
ifriedmanboyce@goodwinlaw.com
tbazzle@goodwinlaw.com

### LOCAL RULE 7.1(A)(2) CERTIFICATION AND CERTIFICATE OF SERVICE

I, Brian E. Pastuszenski, hereby certify that counsel for the Defendants conferred with opposing counsel concerning this Motion to Dismiss, and was unable to resolve or narrow the issues presented herein.

I, Brian E. Pastuszenski, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on August 30, 2016.

/s/ Brian E. Pastuszenski