EXHIBIT A-1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON,<br><br>Defendants. | Case No.: 16-cv-10471-WGY |

## NOTICE OF PENDENCY AND
## PROPOSED SETTLEMENT OF CLASS ACTION

**If you purchased, otherwise acquired or sold the common stock of PTC Inc. ("PTC") between November 24, 2011 and July 29, 2015, both dates inclusive, (the "Settlement Class Period") this Notice contains information regarding your rights with regard to a class action settlement (the "Settlement").** In addition, if you purchased PTC shares during this period for more than $34.10 per share, you may be entitled to a payment from the Settlement.

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the settlement will provide two million one hundred thousand dollars ($2,100,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased, acquired or sold PTC common stock during the Settlement Class Period.

- The Settlement represents an average gross recovery of $0.078 per share of PTC common stock for the 27 million shares that Lead Plaintiff's expert estimates were damaged by Defendants' alleged fraud. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the total amount of allowed claims, as well as the amount of attorneys' fees, costs and administrative expenses awarded by the court.

- Attorneys for Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount or seven hundred thousand dollars ($700,000), reimbursement of litigation expenses of no more than $40,000 and an award

1

to Lead Plaintiff not to exceed $2,500. Collectively, the attorneys' fees and expenses are estimated to average $0.028 per damaged share of PTC common stock. If approved by the Court, these amounts will be paid from the gross settlement fund.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.050 per damaged share of PTC common stock. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold PTC common stock, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether PTC and the individual defendants (the "Defendants") violated the federal securities laws by misrepresenting their cooperation in an investigation into purported violations of the Foreign Corrupt Practices Act ("FCPA"). Defendants deny every claim and contention alleged in the lawsuit and deny any misconduct or wrongdoing whatsoever.

- **Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.**

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 2017** | The only way to get a payment. |
|---|---|
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2017** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 2017** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON _____ __, 2017** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

### INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to the Claims Administrator or Lead Counsel:

| PTC Inc. Securities Litigation<br>c/o Strategic Claims Services<br>600 N. Jackson St., Ste. 3<br>P.O. Box 230<br>Media, PA 19063<br>Tel.: 866-274-4004 | **or** | THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, NY 10016<br>Tel.: 212-686-1060<br>Fax: 212-202-3827<br>info@rosenlegal.com |

| Fax:  610-565-7985 info@strategicclaims.net | | |

# DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated January 13, 2017 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.     Why did I get this Notice?**

You or someone in your family may have purchased, acquired or sold PTC common stock between November 24, 2011 and July 29, 2015, both dates inclusive.

**2.     What is this lawsuit about?**

The Action is known as *Matthew Crandall v. PTC Inc., et al.,* Case No. 16-cv-10471-WGY, and the Court in charge of the case is the United States District Court for the District of Massachusetts (the "Court"). The complaint in the Action alleges that Defendants falsely asserted that PTC had voluntarily disclosed to the Securities and Exchange Commission ("SEC") and the Department of Justice ("DOJ") the results of an internal investigation into alleged bribery engaged in by PTC's subsidiaries in China during the period between 2005 and 2010 (the "Alleged FCPA Violations"). The complaint further alleges that Defendants falsely reassured investors that PTC was cooperating with the SEC and DOJ's subsequent investigation of the Alleged FCPA Violations. Plaintiff alleged that such voluntary disclosure and cooperation, provided they are complete, can greatly mitigate any punishment for any underlying FCPA violations. The complaint alleges that in truth, PTC had withheld material information concerning the Alleged FCPA Violations, and was therefore not eligible for voluntary disclosure credit. These misstatements, the complaint alleges, artificially inflated the price of PTC's stock, which later fell following PTC's announcement that it would be paying a penalty to the DOJ in addition to disgorgement of profits.  Defendants have filed a motion to dismiss the complaint, which Lead Plaintiff has opposed. Defendants have vigorously denied and continue to deny the allegations in the complaint and all claims of wrongdoing, liability and damages whatsoever. For example, Defendants have denied and continue to deny, that any misstatements or materially misleading omissions were made, that Lead Plaintiff and the Settlement Class have suffered any damages, that the wrongdoing alleged in the complaint caused Lead Plaintiff and the Settlement Class any damages, and that Lead Plaintiff and the Settlement Class were harmed by the conduct alleged in the Action.

The Action seeks money damages against Defendants for violation of the Securities Exchange Action of 1934.  The Court has made no decision regarding the merits of the claims. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

**3.     Why is this a class action?**

In a class action, one or more persons, called plaintiffs, sue on behalf of all persons who have similar claims. All of these persons are referred to collectively as a class, and these individual persons are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.     Why is there a Settlement?**

Lead Plaintiff and Defendants do not agree on the merits of Lead Plaintiff's allegations and Defendants' defenses to liability, or on the average amount of damages per share, if any, that

would be recoverable if Lead Plaintiff were to prevail at trial. The issues on which Lead Plaintiff and the Defendants disagree include: (1) whether the challenged statements were materially false; (2) whether the Defendants acted with scienter; (3) the causes of the loss in the value of PTC common stock; and (4) the amount of damages, if any, that could be recovered at trial.

This Action has not gone to trial and the Court has not decided in favor of either Lead Plaintiff or Defendants. Instead, Lead Plaintiff and Defendants have agreed to settle the case. Lead Plaintiff and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks of continued litigation and the defenses raised by the Defendants. Among the reasons that Lead Plaintiff and Lead Counsel believe the Settlement is fair is the fact that it is uncertain whether they will be able to prove that the alleged misstatements actually caused the Settlement Class any damages, and the amount of damages, if any.

**5.     How do I know if I am part of the Settlement?**

The Settlement Class consists of all Persons who purchased or otherwise acquired PTC common stock during the period from November 24, 2011 through July 29, 2015 inclusive, including any Persons who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period.

**6.     Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representative, heirs, successors, or assigns of any such excluded party. Also excluded are any Persons who timely and validly request exclusion from the Settlement Class by following the instructions contained in the response to Question 11 below.

**7.     I am still not sure whether I am included.**

For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by fax at (610) 565-7985, visit the website www.strategicclaims.net, or fill out and return the Proof of Claim and Release Form described in response to Question 9, to see if you qualify.

**8.     What does the Settlement provide?**

   **a.     What is the settlement fund?**

The Settlement provides that, in exchange for the Settlement and dismissal of the Action with prejudice, PTC will pay two million one hundred thousand dollars ($2,100,000) into a settlement fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the settlement fund will be used to pay attorneys' fees and reasonable litigation expenses to Lead Counsel and any award to the Lead Plaintiff. A portion of the settlement fund also will be used to pay taxes due on interest earned by the settlement fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the settlement fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed according to the Plan of Allocation to be approved by the Court to Settlement Class Members who submit timely, valid claims ("Authorized Claimants").

   **b.     What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold PTC common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the

amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and to Lead Plaintiff.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss," as defined in the Plan of Allocation set forth below. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

The following proposed Plan of Allocation was drafted by Lead Counsel, with approval of Lead Plaintiff. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market and industry-wide factors, or Company-specific factors unrelated to the alleged fraud.

The Plan of Allocation was created with the help of a damages expert, and assumes that the price of PTC common stock was artificially inflated throughout the Settlement Class Period. The computation of the estimated alleged artificial inflation in the price of PTC common stock during the Settlement Class Period is based on the price change of PTC common stock in reaction to the public announcements that allegedly corrected the alleged misrepresentations set out in the complaint.

To have been damaged by the alleged violations of the federal securities laws, you must have held PTC common stock purchased during the Settlement Class Period during a period of time when its price declined from disclosure of information allegedly correcting a misleading statement. The Lead Plaintiff and Lead Counsel have determined that such price declines occurred on July 10, 2015 and July 30, 2015. Accordingly, if you sold PTC common stock before July 10, 2015 (the earliest corrective disclosure date), your Recognized Loss for those shares is $0.00. Similarly, if you both bought and sold PTC common stock between July 10, 2015 and July 29, 2015, your Recognized Loss for those shares is $0.00.

The "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for PTC common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on PTC common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of the PTC common stock during the 90-Day Lookback Period. **Therefore, if you bought your PTC common stock for less than $34.10 per share, your Recognized Loss for those shares is $0.00.**

**CALCULATION OF PER-SHARE RECOGNIZED LOSS**

For each share of PTC common stock purchased (or otherwise acquired) during the Settlement Class Period (*i.e.*, November 24, 2011 and July 29, 2015, inclusive), the Recognized Loss per share will be calculated as follows:

1) **For shares of common stock purchased between November 24, 2011 and July 9, 2015, inclusive:**
   a. For shares retained at the end of trading on October 27, 2015, the Recognized Loss shall be the lesser of:
      (1)   $3.57 per share; or
      (2)   the difference between the purchase price per share and $34.10 per share.

   b. For shares sold between November 24, 2011 and July 9, 2015, inclusive, the Recognized Loss shall be zero.

   c. For shares sold between July 10, 2015 and July 29, 2015, inclusive, the Recognized Loss shall be the lesser of:
      (1)   $2.00 per share; or
      (2)   the difference between the purchase price per share and sale price per share.

   d. For shares sold between July 30, 2015 and October 27, 2015, inclusive, the Recognized Loss shall be the lesser of:
      (1)   $3.57 per share; or
      (2)   the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table A below.

2) **For shares of common stock purchased between July 10, 2015 and July 29, 2015, inclusive:**
   a. For shares retained at the end of trading on October 27, 2015, the Recognized Loss shall be the lesser of:
      (1)   $1.57 per share; or
      (2)   the difference between the purchase price per share and $34.10 per share.

   b. For shares sold between July 10, 2015 and July 29, 2015, inclusive, the Recognized Loss shall be zero.
   c. For shares sold between July 30, 2015 and October 27, 2015, inclusive, the Recognized Loss shall be the lesser of:
      (1)   $1.57 per share; or
      (2)   the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table A below.

In the calculation of Recognized Loss, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is a negative number, the Recognized Loss shall be $0.00.

Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 7/30/2015 | $36.23 | $36.23 | 9/15/2015 | $33.00 | $34.56 |
| 7/31/2015 | $36.35 | $36.29 | 9/16/2015 | $33.41 | $34.52 |
| 8/3/2015 | $36.58 | $36.39 | 9/17/2015 | $33.51 | $34.49 |
| 8/4/2015 | $36.50 | $36.42 | 9/18/2015 | $33.42 | $34.46 |

| Date | Price | Avg | Date | Price | Avg |
|---|---|---|---|---|---|
| 8/5/2015 | $36.50 | $36.43 | 9/21/2015 | $33.99 | $34.45 |
| 8/6/2015 | $36.07 | $36.37 | 9/22/2015 | $33.63 | $34.43 |
| 8/7/2015 | $35.91 | $36.31 | 9/23/2015 | $33.17 | $34.40 |
| 8/10/2015 | $36.55 | $36.34 | 9/24/2015 | $32.60 | $34.35 |
| 8/11/2015 | $36.34 | $36.34 | 9/25/2015 | $32.51 | $34.31 |
| 8/12/2015 | $35.70 | $36.27 | 9/28/2015 | $31.71 | $34.25 |
| 8/13/2015 | $35.53 | $36.21 | 9/29/2015 | $30.97 | $34.17 |
| 8/14/2015 | $35.93 | $36.18 | 9/30/2015 | $31.74 | $34.11 |
| 8/17/2015 | $36.36 | $36.20 | 10/1/2015 | $31.40 | $34.05 |
| 8/18/2015 | $36.40 | $36.21 | 10/2/2015 | $32.01 | $34.01 |
| 8/19/2015 | $36.12 | $36.20 | 10/5/2015 | $33.21 | $33.99 |
| 8/20/2015 | $35.29 | $36.15 | 10/6/2015 | $34.03 | $33.99 |
| 8/21/2015 | $34.44 | $36.05 | 10/7/2015 | $33.84 | $33.99 |
| 8/24/2015 | $33.89 | $35.93 | 10/8/2015 | $33.92 | $33.99 |
| 8/25/2015 | $33.46 | $35.80 | 10/9/2015 | $34.67 | $34.00 |
| 8/26/2015 | $33.88 | $35.70 | 10/12/2015 | $34.90 | $34.02 |
| 8/27/2015 | $34.31 | $35.64 | 10/13/2015 | $34.68 | $34.03 |
| 8/28/2015 | $34.15 | $35.57 | 10/14/2015 | $34.51 | $34.04 |
| 8/31/2015 | $33.12 | $35.46 | 10/15/2015 | $34.62 | $34.05 |
| 9/1/2015 | $32.29 | $35.33 | 10/16/2015 | $35.13 | $34.07 |
| 9/2/2015 | $32.28 | $35.21 | 10/19/2015 | $35.08 | $34.09 |
| 9/3/2015 | $32.68 | $35.11 | 10/20/2015 | $34.83 | $34.10 |
| 9/4/2015 | $31.99 | $34.99 | 10/21/2015 | $33.58 | $34.09 |
| 9/8/2015 | $32.98 | $34.92 | 10/22/2015 | $34.18 | $34.09 |
| 9/9/2015 | $31.91 | $34.82 | 10/23/2015 | $34.33 | $34.10 |
| 9/10/2015 | $32.33 | $34.74 | 10/26/2015 | $34.46 | $34.10 |
| 9/11/2015 | $32.55 | $34.67 | 10/27/2015 | $34.03 | $34.10 |
| 9/14/2015 | $32.77 | $34.61 | | | |

**ADDITIONAL PLAN OF ALLOCATION PROVISIONS**

To calculate your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of PTC common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of those shares of PTC common stock for the calculation of each Settlement Class Member's Recognized Loss, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase of such shares of PTC common stock during the Settlement Class Period unless (a) the donor or decedent purchased or otherwise acquired such PTC common stock during the Settlement Class Period; (b) no claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such PTC common stock; and (c) it is specifically so provided in the instrument of gift or assignment.

If a Settlement Class Member has more than one purchase or sale of PTC common stock during the Settlement Class Period, all purchases and sales shall be matched using a First In, First Out ("FIFO") method of accounting, such that sales will be matched first against the

Settlement Class Member's opening holdings of PTC common stock on the first day of the Settlement Class Period, if any, and then will be matched against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

The date of covering a "short sale" is the date of purchase of PTC common stock. The date of a "short sale" is the date of sale of PTC common stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. If a Settlement Class Member has an opening short position in PTC common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

If there are sufficient funds in the Net Settlement Fund, each Class Member will receive an amount equal to their total Recognized Losses. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Losses for all Authorized Claimants, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that their total Recognized Losses bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

**9.     How can I get a payment?**

To qualify for payment, you must timely send in a form entitled "Proof of Claim and Release Form," which is attached to this Notice. You may also obtain a Proof of Claim and Release Form on the Internet at www.strategicclaims.net. Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with all documentation requested in the form, postmarked no later than _____ __, 2017, to the Claims Administrator, at the address appearing on page 2 of this Notice. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the [**date**] deadline, you will be a member of the Settlement Class and will be bound by the release of claims if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) any claims which arise out of, are based upon or relate in any way to the purchase, acquisition, or sale of PTC common stock during the Settlement Class Period. It means that all of the Court's orders in the Action will apply to you and legally bind you. The specific terms of the release and related terms are included in the Stipulation.

**11.    How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Crandall v. PTC Inc*.", and (B) states the date, number of shares and dollar amount of each of your of your PTC common stock purchases, acquisitions, and sales during the Settlement Class Period, as well as the number of shares of PTC common stock you held as of November 24, 2011 and July 29, 2015. You must sign and submit the request as the beneficial owner under penalty of perjury. You must mail your exclusion request, to be received no later than ___ __, 2017, to the Claims Administrator at:

EXCLUSIONS - PTC Inc. Securities Litigation
c/o Strategic Claims Services

600 N. Jackson St., Ste. 3<br>
P.O. Box 230<br>
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

If you do not exclude yourself by following the procedure outlined above, you will be bound by all orders entered in the Action and you will give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims (as that term is defined in the Settlement Stipulation), speak to your lawyer in that case immediately, since you must timely exclude yourself from this Settlement Class to continue your own lawsuit.

**12.     Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. Contact information for Lead Counsel is provided below. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the settlement fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the settlement fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed $700,000, for reimbursement of reasonable litigation expenses not to exceed $40,000 and an award to Lead Plaintiff in an amount not to exceed $2,500 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the settlement fund.

**14.     How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement, any part of the Settlement, Lead Counsel's motion for attorneys' fees and expenses and application for an award to Lead Plaintiff.  To do so, you must object in a writing, stating that you object to the Settlement in *Crandall v. PTC Inc*. You must also include (1) your name, address, telephone number and email address (if any), (2) documentation showing all of your purchases and sales of PTC common stock during the Settlement Class Period in order to show your membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times each of you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.  You must serve copies of any objections, papers and briefs to the following addresses, to be received no later than _____ __, 2017:

LEAD COUNSEL:                                                               DEFENDANTS' COUNSEL:

| | |
|---|---|
| Laurence M. Rosen, Esq. | Brian E. Pastuszenski, Esq. |
| THE ROSEN LAW FIRM, P.A. | GOODWIN PROCTER LLP |
| 275 Madison Avenue, 34th Floor | 620 Eighth Avenue |
| New York, New York 10016 | New York, New York 10018 |
| Tel:  (212) 686-1060 | Tel:  (212) 813-8800 |
| Fax:  (212) 202-3827 | Fax:  (212) 355-3333 |

The Court has ordered that Lead Counsel file your objection with the Court promptly upon receiving it.  Should you wish instead to file an objection directly with the Court, you may do so at:  Clerk of Court, U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.

Any Person who does not timely submit a written objection complying with the terms set forth above shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objections will be barred.

If you exclude yourself from the Settlement Class, you cannot object to the Settlement because it no longer concerns you.  If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**15.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on ___ __, 2017, at __:__ _.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, Courtroom # 18.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing following the instruction in Question 16 below.  The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award to Lead Plaintiff.  Be aware that the Court may change the date and time of the Settlement Hearing without further notice to Settlement Class Members.  If you plan to come to the hearing, you should check with Lead Counsel before coming to be sure that the date or time has not changed.

**16.    Do I have to come to the hearing?**

No.  If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.  However, if you wish to be heard orally at the Settlement Hearing, you must indicate in your written objection (or in a separate writing that is timely submitted) that you intend to appear at the Settlement Hearing and identify any witnesses you may call to testify and exhibits you intend to introduce into evidence at the Settlement Hearing.  If you or your attorney intend to appear in Court, you must file with the Court and serve on the counsel listed above, a notice of appearance, setting forth the name and address of anyone intending to appear by no later than _____.

**17.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement.  However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Parties concerning the Released Claims (as defined in the Settlement Stipulation) ever again.

**18.    How do I get more information about the proposed Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Settlement Stipulation dated _____.  You can get a copy of the Settlement Stipulation by visiting the website www.strategicclaims.net, by contacting the Claims Administrator at the address/number listed on page 2 above or by contacting Lead Counsel at the address/number listed on page 2

above. In addition, the pleadings, Settlement Stipulation, other documents and orders in the Action can be inspected at the Clerk's Office, U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between November 24, 2011 and July 29, 2015, inclusive, you purchased, otherwise acquired, or sold the common stock of PTC Inc. for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such PTC common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the PTC common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.75 per notice. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.

BY ORDER OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MASSACHUSETTS