```
 1                 UNITED STATES DISTRICT COURT

 2                  DISTRICT OF MASSACHUSETTS

 3                            No. 1:16-cv-10471-WGY

 4

 5    MATTHEW CRANDALL, Individually and on Behalf of all
      Others Similarly Situated,
 6                Plaintiff

 7
      vs.
 8

 9    PTC, Inc., et al,
                  Defendants
10

11                      * * * * * * * * *

12

13                    For Hearing Before:
                     Judge William G. Young
14

15            Preliminary Approval of Settlement

16

17                 United States District Court
                   District of Massachusetts (Boston)
                   One Courthouse Way
18                 Boston, Massachusetts 02210
                   Friday, January 27, 2017
19

20                      * * * * * * * *

21

22          REPORTER: RICHARD H. ROMANOW, RPR
                   Official Court Reporter
23              United States District Court
          One Courthouse Way, Room 5510, Boston, MA 02210
24                 bulldog@richromanow.com

25
```

```
 1                    A P P E A R A N C E S

 2

 3    JONATHAN HORNE, ESQ.
          The Rosen Law Firm, P.A.
 4        275 Madison Avenue, 34th Floor
          New York, NY 10016
 5        (212) 686-1060
          Email: Jhorne@rosenlegal.com
 6   and
      BRADLEY J. VETTRAINO, ESQ.
 7        Block & Leviton, LLP
          155 Federal Street, Suite 400
 8        Boston, MA 02110
          (617) 398-5600
 9        Email: Bradley@blockesq.com
          For Plaintiff and class
10

11    INEZ H. FRIEDMAN-BOYCE, ESQ.
          Goodwin Procter, LLP
12        100 Northern Avenue
          Boston, MA 02210
13        (617) 570-1334
          Email: Ifriedmanboyce@goodwinprocter.com
14        For Defendants

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  P R O C E E D I N G S
 2              (Begins 2:00 p.m.)
 3              THE COURT:  Good afternoon.  Would counsel
 4      identify themselves.
 5              MR. VETTRAINO:  Good afternoon, your Honor,
 6      Bradley Vettraino on behalf of plaintiff and the class,
 7      with the law firm of Block & Leviton.  With me today is
 8      my colleague, Jonathan Horne, admitted pro hac vice, who
 9      will be presenting today on behalf of plaintiff and
10      class.
11              THE COURT:  Fine.
12              MS. FRIEDMAN-BOYCE:  Good afternoon, your
13      Honor, I'm Inez H. Friedman-Boyce from Goodwin Procter,
14      on behalf of PTC, Inc. and the individual defendants in
15      this case.
16              THE COURT:  Fine.
17          I have a few things to raise with you, but they
18      should not submerge my general view that this is a fine
19      job on the part of all attorneys, that it evidences
20      careful consideration, a truly adversary but reasonable
21      approach to these matters, and I approach it with the
22      idea of adopting the approval of the settlement and I
23      thank you.  On careful review though I have the
24      following problems and I'll recite them and then I have
25      some questions to ask.
```

1          I do not like Paragraph 13 on Page 6, um, the

2     release that's described there of unknown claims seems

3     significantly overbroad.  I rather doubt that anything

4     turns on this, but that seems like a backhanded way of

5     working into a general release.  There cannot be any

6     general release here, the plaintiffs attorneys aren't

7     authorized to enter into general releases on the part of

8     the settlement class.  So either that paragraph needs to

9     be taken out or it needs to be substantially rewritten.

10          I am not going to go for setting aside the

11     California civil code or the laws of any state, I think

12     that's presumptuous for a federal judge, and if the lead

13     plaintiff, the identified lead plaintiff wants to waive

14     these things, we know who he is, and the defendants, we

15     know who they are, they can waive, but we're not binding

16     any class members.  So Paragraph 13 has to be

17     substantially rewritten.

18          The other release paragraphs are all -- by which I

19     mean Paragraphs 11, 12, 14 through 17, they're all fine

20     with the exception of the places in those paragraphs

21     where the term "relate to" or "in relation to," um, I

22     want that phraseology stricken out, that's a -- these

23     are releases that go to the claims made in this case,

24     that's what's being released, and if we get into the

25     situation where there would be -- if we talk about what

1    "relates to," um, we'll have litigation about litigation

2    and I don't favor that.

3         And so I cannot preliminarily approve it today,

4    but in all other respects it seems fine and if you make

5    those corrections, then I'm fine with it.

6         I do have this question, so now let's address my

7    questions.

8         The aggregate settlement here is what, tell me

9    again?

10              MR. HORNE:  Um, $2.1 million, your Honor.

11              THE COURT:  All right.  All right, so figure a

12   take-up at -- and it looks like it's rather complex to

13   apply this but look at -- assume a take-up of, um, 20

14   percent, um, and my guess is it's going to be less than

15   that, so that's $420,000.

16        Where does the rest go?

17              MR. HORNE:  The entire settlement amount will

18   be distributed to class members -- yes, the entire

19   settlement amount, minus any attorney fees, will be

20   distributed to class members.  If there's a take-up rate

21   of 20 percent, then, um -- well, let me rephrase.

22        Class members will get their proportionate share

23   of the settlement, um, and if there is more money left

24   over, then they'll get more, and if there's less money

25   than is necessary to satisfy the claims, then they'll

1    get less.  But the entire settlement amount, minus any

2    attorneys fees, will be distributed to class members.

3                    THE COURT:  So nothing's going to go back to

4    PTC?

5                    MR. HORNE:  No.  No, your Honor.

6                    THE COURT:  All right.  So those people who

7    fill out these claims forms, in proportionate share

8    relative to their interest, will get the $2,100,000 less

9    attorneys fees?

10                   MR. HORNE:  That's correct, your Honor.  I --

11   less attorneys fees and administration costs.

12                   THE COURT:  I understand, and I'm fine with

13   that.

14                   MR. HORNE:  Okay.

15                   THE COURT:  I just want to be clear because

16   you're making representations to the court.

17        My concern was that the attorneys would seek their

18   settlement off a common fund theory out of the gross

19   amount when in fact less than the gross amount would be

20   paid.  You've represented to me the gross amount would

21   be paid.  And so the percentage of the common fund is a

22   percentage which the settling defendants have paid.

23        That's your representation?

24                   MR. HORNE:  That is correct, your Honor,

25   that's found in 7.4 of the stipulations --

1          THE COURT:  I don't question your -- I don't

2     question your representation, and I thank you.

3          Any questions about the Court's positions?

4          MR. HORNE:  Um, no, your Honor, we will

5     discuss the issues with defendants' counsel to arrive at

6     a --

7          THE COURT:  The defense?

8          MS. FRIEDMAN-BOYCE:  No questions from the

9     defense, your Honor.

10         THE COURT:  Yeah, I don't think -- and I have

11    no intention of, in any substantive way, um, of --

12         You're buying peace here from this class?

13         MS. FRIEDMAN-BOYCE:  Right.

14         THE COURT:  I have no problem with the

15    settlement class and I have no problem with -- you're

16    paying real money to buy peace.  My problem is if you're

17    buying from a not-personally-represented class member

18    peace on an unidentified claim, I can't wrap my arms

19    around that, and don't want this -- because I have to

20    put my imprimatur on it, um, to stand for that.  But

21    what I've identified are so peripheral that I'm sure you

22    can work that out.  This has been good lawyering all

23    around, I'm just sensitive to good lawyering not going

24    too far.

25         So when I get -- when I get the revisions here,

1   assuming that -- and I'd like some sort of cover letter

2   that points me to what changes have been made, I see no

3   reason to take your time to call you back in.  I propose

4   then promptly to enter a preliminary approval of the

5   settlement, work out the time when we'll have to have

6   the fairness hearing, and entertain objections, if any

7   objections there be, so we can move right along.

8           Thank you very much.  We'll recess.

9           (Ends, 2:15 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              C E R T I F I C A T E

 2

 3

 4          I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

 5     do hereby certify that the foregoing record is a true

 6     and accurate transcription of my stenographic notes

 7     before Judge William G. Young, on Friday, January 27,

 8     2017, to the best of my skill and ability.

 9

10

11

12     /s/ Richard H. Romanow 01-31-17
       _____
13     RICHARD H. ROMANOW    Date

14

15

16

17

18

19

20

21

22

23

24

25
```