# EXHIBIT 1

**EXECUTION COPY**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated, | **Case No.: 16-cv-10471-WGY** |
| Plaintiff, | |
| v. | |
| PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON, | |
| Defendants. | |

## <u>AMENDED STIPULATION OF SETTLEMENT</u>

This Amended Stipulation of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of March 1, 2017, which is entered into by and among (i) the Lead Plaintiff Matthew Crandall, on behalf of himself and on behalf of the Settlement Class (as defined herein), and (ii) the Defendants (as defined herein), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the final approval of the United States District Court for the District of Massachusetts (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

## A.    The Action

On March 7, 2016, Mr. Crandall filed a putative class action lawsuit in the Court (the "Action") alleging violations of the Securities Exchange Act of 1934 against PTC Inc., James Heppelmann, Jeffrey Glidden, Andrew Miller, PricewaterhouseCoopers LLP, Renato Zambonini, Robert P. Schechter, Michael E. Porter, Paul A. Lacy, Thomas Bogan, Donald K. Grierson, C. Richard Harrison, and Janice Chaffin.

In May 2016, the Court appointed Mr. Crandall as Lead Plaintiff, and appointed his chosen counsel, The Rosen Law Firm, P.A., as Lead Counsel pursuant to the Private Securities Litigation Reform Act (the "PSLRA"). Dkt. # 24.

On July 11, 2016, Lead Plaintiff, individually and on behalf of all others similarly situated, filed his Amended Class Action Complaint for Violations of Federal Securities Laws (dkt. # 28) (the "Complaint"), against Defendants PTC Inc. ("PTC"), Heppelmann, Glidden, Miller, Schechter, Lacy, Bogan, and Grierson (the "Defendants").[1]

On August 30, 2016, Defendants filed their Motions to Dismiss the Complaint (dkt. # 30) (the "Motion to Dismiss") which Lead Plaintiff opposed on October 14, 2016 (dkt. # 37).

While the Parties briefed Defendants' Motion to Dismiss, the Parties began to engage in settlement discussions, which resulted in a Memorandum of Understanding signed on November 1, 2016.

---

[1] Michael E. Porter was named as a defendant in the Amended Complaint filed on July 11, 2016, but Plaintiff filed a notice stating that Michael E. Porter inadvertently had been named as a defendant, and that Plaintiff "does not assert claims against Mr. Porter." *See* Notice of Errata (filed July 15, 2016) (Dkt.#29).

Throughout the course of the Action, Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action, including in the Complaint. Without limiting the generality of the foregoing in any way, Defendants have denied and continue to deny, *inter alia*, that any misstatements or materially misleading omissions were made, that Lead Plaintiff and the Settlement Class have suffered any damages, that the wrongdoing alleged in the Complaint caused Lead Plaintiff and the Settlement Class any damages, and that Lead Plaintiff and the Settlement Class were harmed by the conduct alleged in the Action.

Defendants enter into this Stipulation to eliminate the uncertainties, burden and expense of further litigation. Nothing in this Stipulation shall be construed as an admission by either Defendants or any of the Released Parties of any wrongdoing, fault, liability, or damages whatsoever.

Lead Plaintiff believes that the claims asserted in the Action have merit. Lead Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Lead Plaintiff has also taken into account the uncertain outcome and the risk of any litigation. In particular, Lead Plaintiff has considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses asserted by Defendants during the litigation, in motions on the pleadings or during settlement negotiations.  Lead Plaintiff has therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Lead Plaintiff, on behalf of himself and on behalf of the Settlement Class, and

Defendants, by and through their respective undersigned counsel that, subject to the final approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

### 1.  Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1.  "Action" means the putative class action captioned *Crandall v. PTC Inc., et al*, Case No. 16-cv-10471-WGY (D. Mass.).

1.2.  "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees and expenses.

1.3.  "Alternate Judgment" is defined in Paragraph 10.3(d) below.

1.4.  "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

1.5.     "Business Day" means any day except Saturday or Sunday or any legal holiday, as defined in Federal Rule of Civil Procedure 6(a)(6)(A).

1.6.     "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.7.     "Claims" means any and all manner of claims, demands, rights, actions, disputes, debts, causes of action and liabilities, of every nature and description whatsoever (including but not limited to claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether class, individual, derivative or otherwise in nature, whether based in law or equity, arising under federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, asserted or unasserted, matured or unmatured, or liquidated or unliquidated.

1.8.     "Claims Administrator" means Strategic Claims Services or such other entity as the Court shall appoint to administer the Settlement.

1.9.     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.10.     The "Escrow Agent" means The Rosen Law Firm, P.A. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.11.     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 10.3 of this Stipulation have been met and have occurred.

1.12.      "Final" means, with respect to any order of court, including but not limited to the Final Judgment, the latest to occur of the following:  (i) the date as of which the time to seek review, alteration or appeal of the Court's order has expired without any review, alteration or appeal having been sought or taken; or (ii) if an appeal, petition, motion or other application for review, alteration or amendment is filed, sought or taken, the date as of which such appeal, petition, motion or other application shall have been finally determined in such a manner as to affirm the Court's original order in all material respects and the time, if any, for seeking further review has expired.  Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining to the amount, payment or allocation of attorneys' fees and expenses, the Plan of Allocation or the provisions of ¶ 6.2 shall have no effect on finality for purposes of determining the date on which the Final Judgment or any Alternative Judgment becomes Final.

1.13.      "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, materially in the form attached hereto as Exhibit B.

1.14.      "Individual Defendants" means James Heppelmann, Jeffrey Glidden, Andrew Miller, Robert P. Schechter, Paul A. Lacy, Thomas Bogan, and Donald K. Grierson.

1.15.      "Lead Plaintiff" means Matthew Crandall, as identified in the opening paragraph of the Amended Class Action Complaint for the Violations of Federal Securities Laws.

1.16.      "Lead Plaintiff's Counsel" means The Rosen Law Firm, P.A.

**1.17.** "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

**1.18.** "Person" means individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.19.** "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs and expenses and award to Lead Plaintiff as may be approved by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

**1.20.** "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

**1.21.** "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.22.** "Released Claims" means, to the fullest extent permitted by law or equity, any and all Claims by any Settlement Class Member against any of the Released Parties that (a) arise out of or are based upon any of the allegations, facts, circumstances, transactions, statements, misstatements, omissions, or subject matters that were alleged in the Action or that could have been alleged in the Action or that could in the future be alleged in any forum based

upon the facts alleged in the Action; and (b) arise out of or are based upon the purchase, acquisition or sale of PTC common stock during the Settlement Class Period, *provided, however*, that Released Claims do not include Claims to enforce this Stipulation.

   1.23.  "Released Parties" means (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, immediate family members, and anyone acting or purporting to act for or on behalf of any of them or their successors; and (c) the legal representatives, predecessors, successors and assigns of any of the foregoing.

   1.24.  "Released Parties' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, that arise out of or are based upon the institution, prosecution, or Settlement of this Action, including but not limited to all claims for malicious prosecution or sanctions. "Released Parties' Claims" do not include claims to enforce any of the terms of this Stipulation or the Final Judgment.

   1.25.  "Releasing Parties" means Lead Plaintiff, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries,

predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

1.26.     "Settlement" means the settlement contemplated by this Stipulation.

1.27.     "Settlement Amount" means the sum of $2,100,000 (Two Million One Hundred Thousand U.S. Dollars).

1.28.     "Settlement Class" means all Persons (except Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representatives, heirs, successors, or assigns of any such excluded party) who purchased or otherwise acquired PTC common stock during the period from November 24, 2011 through July 29, 2015 inclusive, including any Persons who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period, and excluding those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions contained in and requirements of the "Notice of Pendency and Settlement of Class Action" to be sent to the Settlement Class.

1.29.     "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.30.     "Settlement Class Period" means the period from November 24, 2011 through July 29, 2015, inclusive.

1.31.     "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.32.     "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to

whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

1.33.    "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants (as defined herein) and Lead Plaintiff (on behalf of himself and the Settlement Class).

2.    **The Settlement Consideration**

2.1.    In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, PTC shall, within seven (7) Business Days of entry of the Preliminary Approval Order, pay, or cause to be paid, the Settlement Amount, by wire transfer or check, to the Escrow Account, provided that the Escrow Agent has provided Defendants' counsel with timely and complete wire and transfer information and instructions and a completed Form W-9.

2.2.    Payment of the Settlement Amount shall be Defendants' sole monetary obligation under the Settlement.  Under no circumstances will PTC or any of the other Defendants be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member or in payment of any fees or expenses incurred by any Settlement Class Member or Lead Plaintiff's Counsel.

3.    **Handling And Disbursement Of Funds By The Escrow Agent**

3.1.    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)    As provided in ¶ 3.4 and ¶ 8.2 below;

(b)    As provided in ¶ 10.6 below, if applicable; and

(c)     To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2.     The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants, their counsel and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

3.3.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation or by an order of the Court.  Defendants shall have prompt access to records of the Escrow Account upon request.

3.4.     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Plaintiff's Counsel up to $150,000.00 (One Hundred Fifty Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

4.     **Taxes**

4.1.     The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In

addition, Lead Plaintiff's Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Plaintiff's Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)    For purposes of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Plaintiff's Counsel or their designee.  Lead Plaintiff's Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)    All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution

costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  Defendants, their counsel and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)).  Defendants, their counsel and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

## 5.    Preliminary Approval Order, Notice Order, And Settlement Hearing

**5.1.**    Lead Plaintiff's Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for entry of a preliminary approval order in the form of Exhibit A hereto, seeking, including among other things, approval for the mailing and dissemination of Notice in the form of Exhibit A-1 hereto, approval of the publication of summary notice in the form of Exhibit A-3 hereto, and approval of the Proof of Claim form in the form attached as Exhibit A-2  hereto.  The mailed Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class.  The date and time of the Settlement Hearing shall be added to the Notice

before it is mailed or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility for, Lead Plaintiff's Counsel's proposed Plan of Allocation.

5.2.     To assist in dissemination of notice, PTC will cooperate in the efforts of Lead Plaintiff's Counsel to obtain the names and contact information of the Settlement Class Members and their nominees or custodians.

5.3.     At the time of the submission described in ¶ 5.1 hereof, the Settling Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

6.     **Releases And Covenants Not To Sue**

6.1.     Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from instituting, continuing, asserting or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any of the Released Parties.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.2.    Upon the Effective Date, Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, Settlement Class Members and Lead Plaintiff's Counsel from all Released Parties' Claims, and shall be permanently enjoined from prosecuting the Released Parties' Claims against Lead Plaintiff, Settlement Class Members and Lead Plaintiff's Counsel. Nothing contained herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

7.    **Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

7.1.    Under the supervision of Lead Plaintiff's Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants. The Released Parties shall not have any role in, or responsibility or liability to any Person, including without limitation any Settlement Class Member, for the administration of the Settlement of the solicitation, review or evaluation of Proofs of Claim, nor shall any discovery be taken of Defendants in connection therewith.

7.2.    The Settlement Fund shall be applied as follows:

**(a)**    To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

**(b)**    To pay Administrative Costs;

(c)  To pay Lead Plaintiff's Counsel's attorneys' fees and expenses and payments to the Lead Plaintiff for reimbursement of his time and expenses pursuant to Paragraph 8.1 below, to the extent allowed by the Court; and

(d)  To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.  Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

7.4.  This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to PTC. Defendants, their counsel and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Lead Plaintiff's Counsel, the Claims Administrator or any other agent designated by Lead Plaintiff's Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Lead Plaintiff's Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.        It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

**8.        Lead Plaintiff's Counsel's Attorneys' Fees And Reimbursement Of Expenses**

8.1.        Lead Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Lead Plaintiff's Counsel for (i) an award of attorneys' fees not to exceed one third of the Settlement Amount, (ii) reimbursement of reasonable costs and expenses actually incurred, including the fees and expenses of experts and/or consultants, incurred in connection with prosecuting the Action, and (iii) payment to the Lead Plaintiff of not more than Two Thousand Five Hundred Dollars ($2,500.00) for reimbursement of his time and expenses in connection with the Action (collectively, the "Fee and Expense Award").  Defendants shall take no position with respect to the Fee and Expense Application(s) or the Fee and Expense Award.

8.2.        Except as otherwise provided in this paragraph, the Fee and Expense Award shall be paid to Lead Plaintiff's Counsel from the Settlement Fund within two (2) Business Days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final

Judgment. Lead Counsel may allocate the Fee and Expense Award among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Action.  In the event that the Effective Date does not occur, or the Fee and Expense Award is reduced or reversed in whole or in part on appeal or further review, then Lead Plaintiff's Counsel shall be obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction of such event, an amount consistent with such reduction or reversal, including accrued interest at the same  rate as is earned by the Settlement Fund from the date of payment of the award until the date of refund. Lead Plaintiff's Counsel, on behalf of itself and each partner and/or shareholder of the firm, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and each shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court.

**8.3.**    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order of or proceedings relating to the Fee and Expense Application or the Fee and Expense Award, or any objection to, motion regarding or appeal from any order or proceedings relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.  None of the Parties may terminate or cancel the Settlement on the basis of the amount of any Fee and Expense Award.

8.4.     Any award of attorneys' fees and/or expenses to Lead Plaintiff's Counsel or reimbursement payments to the Lead Plaintiff shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Defendant shall have any responsibility for payment of Lead Plaintiff's Counsel's attorneys' fees and expenses or other awards to the Lead Plaintiff beyond the obligation of PTC to fund the Settlement Amount as set forth in ¶ 2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Plaintiff's Counsel, the Lead Plaintiff, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

## 9.     Class Certification

9.1.     The Parties hereby stipulate, for purposes of the Settlement only, to certification of the Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appointment of Lead Plaintiff as the class representative and appointment of Lead Plaintiff's Counsel as Lead Counsel.  In the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues.  In such an event, Defendants reserve all rights to object to and oppose class certification, or challenge the standing of Lead Plaintiff or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission or concession that any class should be or remain certified in the Action or that any plaintiff has standing.

## 10.     Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination

10.1.     Lead Plaintiff, on behalf of the Settlement Class, and Defendants shall, each in their separate discretions, have the right to terminate the Settlement and Stipulation

(a "Termination") by providing written notice of his or its election to do so to all other Settling Parties within thirty (30) calendar days of:

(i)      the Court declining to enter the Preliminary Approval Order in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(ii)     the Court refusing to approve this Stipulation in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(iii)    the Court declining to enter the Final Judgment in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(iv)     the date upon which the Final Judgment is modified or reversed by the Court, the Court of Appeals or the United States Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it.

In the absence of any of the events enumerated in this ¶ 10.1, ¶ 10.2,  or ¶ 10.5, no Party shall have the right to terminate the Agreement for any reason.

**10.2.**      If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Lead Plaintiff, on behalf of the Settlement Class, and not Defendants, shall have the right to, at any time prior to the Court's entry of the Final Judgment,(a) terminate the Settlement and Stipulation by providing written notice to Defendants or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein, subject to Defendants' right to cure any failure to pay within five (5) Business Days of receiving written notice of such deficiency.

**10.3.**      The Effective Date of this Stipulation and the Settlement incorporated therein shall be the date on which all of the following events have occurred:

**(a)** entry by the Court of the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)** deposit of the Settlement Amount into the Escrow Account, as set forth in ¶ 2.1; and

**(c)** final approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

**(d)** entry by the Court of the Final Judgment in all material respects in the form attached as Exhibit B; and the Final Judgment has become Final, or, in the event that the Court enters a judgment in a form other than that provided above ("Alternative Judgment") and neither Lead Plaintiff nor the Defendants elect to terminate the Settlement, the date that such Alternative Judgment becomes Final.

**10.4.** Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.5.** If prior to final Court approval of the Settlement, Persons who otherwise would be Settlement Class Members have submitted valid and timely requests for exclusion from the Settlement Class in accordance with the instructions contained in and requirements of the Preliminary Approval Order and the notice given pursuant thereto, and the Termination Threshold, as such term is defined in a separate termination letter between the parties countersigned simultaneously herewith (the "Letter") is met, then PTC shall have, in its sole and absolute discretion, the option to terminate this Stipulation and the Settlement in strict accordance with the requirements and procedures set forth in the Letter. The Letter shall not be

filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, in which case the Parties shall seek to file it with the Court under seal.

   **10.6.**      If the Settlement is terminated by Lead Plaintiff or Defendants, then (a) this Stipulation shall be without force and effect upon the rights of the Parties, and none of its terms (other than this paragraph and Paragraph 11) shall be effective or enforceable;  (b) the Settling Parties shall be restored to their respective positions in the Action immediately prior to the date of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice; (c) within seven (7) Business Days (except as otherwise provided in the Letter) after the occurrence of such event, Lead Plaintiff shall return (or cause to be returned) to PTC any monies remaining in the Escrow Account, including any accrued interest thereon, but less any Administrative Costs that were reasonably and actually incurred and paid or payable from the Settlement Fund as of the date of termination and any Taxes and Tax Expenses actually incurred and paid or payable as of the date of termination, by check or wire transfer pursuant to written instructions from PTC.  At the request of PTC, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to PTC pursuant to written direction from PTC.

   **10.7.**      No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation, and shall not affect the finality of the order approving this Stipulation.

## 11.        No Admission Of Liability Or Wrongdoing

This Stipulation, whether or not it is consummated and whether or not it is terminated, any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation:

(a)        shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

(b)        shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(c)        shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

(d)        shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

(e)     shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(f)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

(g)     shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

Any Party may file or introduce this Stipulation and/or the Final Judgment in any action or proceeding that may be brought to enforce the terms of this Stipulation and/or the Final Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.

## 12.    Miscellaneous Provisions

**12.1.**     The Settling Parties acknowledge that it is their intent to consummate the Settlement, and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the terms and conditions of the Stipulation.  To the extent the Parties are unable to reach agreement concerning such best efforts, any Party may refer the matter to a mutually agreeable third-party mediator for mediated resolution, subject to Court approval, with the fees and expenses of the mediator to be divided equally between Lead Plaintiff on the one hand, and Defendants on the other.

**12.2.**    The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement, the Plan of Allocation, or Lead Plaintiff's Counsel's Fee and Expense Application.

**12.3.**    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

**12.4.**    Lead Plaintiff and Lead Plaintiff's Counsel represent and warrant that none of the Lead Plaintiff's Claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered, conveyed, given, granted or in any manner transferred in whole or in part.

**12.5.**    This Stipulation, together with its exhibits and the Letter constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements. No representations, warranties or inducements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Letter.  Lead Plaintiff, on behalf of himself and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

**12.6.**     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

**12.7.**     This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**12.8.**     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.9.**     Each counsel or other Person executing this Stipulation and any documents prepared in furtherance of it on behalf of any Party hereto, hereby warrants that such Person has the full authority to do so.

**12.10.**     This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.**     This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without regard to conflict of laws principles.

**12.12.**     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.13.** The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.14.** All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**12.15.** The Settling Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, the Stipulation or the Letter.  The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, and that the Action was brought and defended in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

**12.16.** Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

**12.17.** The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated:  March 1, 2017                       **THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq.
Jonathan Horne, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel.: (212) 686-1060

*Lead Counsel for Lead Plaintiff*

Jason M. Leviton (BBO# 678331)
Joel A. Fleming (BBO# 685285)
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
Tel.: 617.398.5600
Fax: 617.507.6020
jeff@blockesq.com
jason@blockesq.com
joel@blockesq.com

*Liaison Counsel for Lead Plaintiff*

Dated:  March 1, 2017                       **GOODWIN PROCTER LLP**

By: /s/ Brian E. Pastuszenski (with authorization)
Brian E. Pastuszenski (BBO# 391030)
The New York Times Building
620 Eighth Avenue
New York, NY 10018

-28-

Tel.: 212.813.8800
Fax.: 212.355.3333
bpastuszenski@goodwinlaw.com

Inez H. Friedman-Boyce (BBO# 630910)
100 Northern Avenue
Boston, MA  02210
Tel.: 617.570.1000
Fax: 617.523.1231
ifriedmanboyce@goodwinlaw.com

*Counsel for Defendants PTC Inc., James
Heppelmann, Jeffrey Glidden, Andrew Miller,
Robert P. Schechter, Paul A. Lacy, Thomas Bogan,
and Donald K. Grierson*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON,<br><br>    Defendants. | **Case No.: 16-cv-10471-WGY** |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, Lead Plaintiff Matthew Crandall ("Lead Plaintiff"), individually and on behalf of the Settlement Class, and PTC Inc. ("PTC" or the "Company") and the Individual Defendants (collectively, the "Defendants"), have entered into an Amended Stipulation of Settlement, dated March 1, 2017 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the putative class action pending before the Court entitled *Crandall v. PTC Inc., et al*, Case No. 16-cv-10471-WGY (D. Mass.) (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2017, that:

1. <u>Definitions</u>. Unless otherwise defined herein, capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Settling Parties.

3. <u>Preliminary Findings as to Settlement Class</u>. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent;

(d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.     Certification of the Settlement Class.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of the "Settlement Class," which is defined as all Persons (except Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representatives, heirs, successors, or assigns of any such excluded party) who purchased or otherwise acquired PTC common stock during the period from November 24, 2011 through July 29, 2015 inclusive, including any Persons who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period, and excluding those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions contained in and requirements of the "Notice of Pendency and Settlement of Class Action" to be sent to the Settlement Class.

5.     Lead Plaintiff and Lead Counsel.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff Matthew Crandall is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Plaintiff's Counsel, The Rosen Law Firm, P.A., previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

6.      <u>Preliminary Findings Concerning Proposed Settlement</u>.  The Court preliminarily

finds that the Settlement should be preliminarily approved as:  (a) the result of good faith, arm's

length negotiations, (b) falling within a range of reasonableness warranting final approval; and

(c) sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant

providing notice of the Settlement to Settlement Class Members and holding a Settle<u>ment

Hearing, as described belo</u>w.

7.      <u>Settlement Hearing</u>.  A hearing (the "Settlement Hearing") pursuant to Federal

Rule of Civil Procedure 23(e), will be held before the Honorable William G. Young, Courtroom

18, 5th Floor, of the United States District Court for the District of Massachusetts, 1 Courthouse

Way, Boston, MA 02210 on _____ 2017 at __:___ _.m. to, among other things:  (a)

determine whether to certify, for settlement purposes only, the Settlement Class; (b) determine

whether the Settlement is fair, reasonable, and adequate, and warrants final approval by the

Court; (c) determine whether the Final Judgment substantially in the form of Exhibit B to the

Settlement Stipulation should be entered; (d) determine whether the proposed Plan of Allocation

for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by

the Court; (e) consider the application of Lead Counsel for an award of attorneys' fees and

expenses and an award to the Class Representative; (f) consider any objections received by the

Court; and (g) rule upon such other matters as the Court may deem appropriate.

8.      <u>Continuance of Hearing/Modification of Settlement</u>.  The Court reserves the right

to continue or adjourn the Settlement Hearing to a later date without further notice to the

Settlement Class, and to approve the Settlement with such modifications as may be agreed to by

the Settling Parties without further notice to the Settlement Class where to do so would not

impair Settlement Class Members' rights in a manner inconsistent with Rule 23 or due process of

law. The Court further reserves the right to enter the Final Judgment or an Alternative Judgment

regardless of whether, and to what extent, it has approved the Plan of Allocation or awarded

attorneys' fees and expenses.

9.      Notice.  The Court approves the form, substance and requirements of (a) the

Notice, (b) the Summary Notice; and (c) the Proof of Claim, all of which are exhibits to the

Settlement Stipulation, and finds that the procedures for publication, mailing and distribution of

such notices substantially in the manner set forth in Paragraph 10 below meet the requirements

of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the

Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform

Act of 1995 and all other applicable laws; constitute the best notice practicable under the

circumstances; are reasonably calculated under the circumstances to describe the terms and effect

of the Settlement and to apprise Settlement Class Members of their right to object to the

proposed Settlement or to exclude themselves from the Settlement Class; and constitute due and

sufficient notice to all Persons entitled thereto. No Settlement Class Member will be relieved

from the terms and conditions of the Settlement, including the releases provided pursuant

thereto, based upon the contention or proof that such Settlement Class Member failed to receive

actual or adequate notice.

10.     Retention of Claims Administrator and Manner of Notice.  Lead Counsel is

authorized to retain Strategic Claims Services as the Claims Administrator to supervise and

administer the notice procedure as well as the processing of claims under the supervision of Lead

Counsel as more fully set forth below:

(a)      Lead Counsel, through the Claims Administrator, shall cause the

Notice and the Proof of Claim, substantially in the forms annexed to the Settlement

Stipulation, to be mailed, by first class mail, postage prepaid, within sixteen (16) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort.

(b)     Lead Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

(c)     Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within sixteen (16) calendar days after the entry of this Order.

11.     Additional Provisions Concerning Notice.  In order to effectuate providing notice as described above:

(a)     The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000.00 (One Hundred Fifty Thousand Dollars) from the Settlement Fund to pay Administration Costs.

(b)     No later than seven (7) calendar days after the date of this Order, PTC shall provide and/or cause its transfer agent to provide to Lead Counsel a list of the record owners of PTC common stock during the Settlement Class Period in a usable electronic format, such as an Excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

5

(c)     Lead Counsel, through the Claims Administrator, shall take all reasonable efforts to give notice to nominees or custodians who held PTC common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim, either (i) request additional copies of the Notice and Proof of Claim sufficient to send the Notice and Proof of Claim to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, up to $0.75 per Notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

(d)     Not later than thirty-four (34) calendar days before the Settlement Hearing, Lead Counsel shall file with the Court one or more affidavits showing timely compliance with the foregoing mailing and publication requirements.

12.     Claims. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than _____, 2017 (forty four (44) calendar days prior to the Settlement Hearing).  Such deadline may be further extended by Order of the Court.  Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form;

and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Reviewing Claims. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deemed deficient or otherwise rejected shall be afforded a reasonable time (at least fifteen (15) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.  If any Settlement Class Member whose claim has been rejected in whole or in part wishes to contest such rejection, the Settlement Class Member must, within fifteen (15) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Settlement Class Member's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.  By submitting a Proof of Claim, Settlement Class Members submit to the jurisdiction of the Court with respect to the claim submitted. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic. No dispute regarding a Proof of Claim shall affect or delay the entry or finality of the Final Judgment or an Alternative Judgment.

14.     Exclusions From The Settlement Class.  Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable,

8

unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make a request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2017 (thirty (30) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion must (A) clearly indicate the name, address, phone number, and e-mail address of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Crandall v. PTC Inc.*" and (B) state the date, number of shares and dollar amount of each PTC common stock purchase, acquisition and sale during the Settlement Class Period, as well as the number of shares of PTC common stock held by the Person as of November 24, 2011 and July 29, 2015 (the first and last days of the Settlement Class Period). Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline).

15.     Revoking Requests For Exclusion.  Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator and to Lead Counsel a written and signed revocation of that request for exclusion, provided that it is received no later than two (2)

Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

16.  <u>Objections to Settlement</u>.  The Court will consider objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, <u>provided</u>, <u>however</u>, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least seventeen (17) calendar days prior to the Settlement Hearing Date:

CLASS COUNSEL:                          DEFENDANTS' COUNSEL:

Laurence M. Rosen, Esq.                 Brian E. Pastuszenski, Esq.
THE ROSEN LAW FIRM, P.A.                GOODWIN PROCTER LLP
275 Madison Avenue, 34th Floor          620 Eighth Avenue
New York, New York 10016                New York, New York 10018

Lead Counsel will file with the Court all objections it receives.  To be valid, an  objection must contain (1) the objector's name, address, telephone number and email address; (2) a statement that the objector is objecting to the proposed Settlement, Plan of Allocation or award of attorneys' fees and expenses in *Crandall v. PTC, Inc.* (3) documentation of all purchases and sales of PTC common stock during the Settlement Class Period; (4) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel, (5) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, and (6) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the

nature of each such objection in each case, the jurisdiction in each case, and the name of the

issuer of the security or seller of the product or service at issue in each case.

17.   <u>Appearance at the Settlement Hearing</u>.   Attendance at the Settlement Hearing is

not necessary but Persons wishing to be heard orally in opposition to the approval of the

Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are

required to indicate in their written objection (or in a separate writing submitted to the counsel

listed in Paragraph 16 no later than seventeen (17) days prior to the Settlement Hearing) that they

intend to appear at the Settlement Hearing and identify any witnesses they may call to testify and

exhibits they intend to introduce into evidence at the Settlement Hearing. Objectors or their

attorneys intending to appear at the Settlement Hearing must also, no later than seventeen (17)

days prior to the Settlement Hearing, file with the Court, and serve upon counsel listed in the

above paragraph, a notice of intention to appear, setting forth the name and address of anyone

intending to appear.   Any objector or counsel who does not timely file and serve a notice of

intention to appear in accordance with this paragraph shall not be permitted to appear, except for

good cause shown.   Settlement Class Members do not need to appear at the Settlement Hearing

or take any other action to indicate their approval.

18.   <u>Waiver of Objections</u>.   Any Settlement Class Member who does not object in the

manner prescribed above shall be deemed to have waived all such objections and shall forever be

foreclosed from making any objection to the fairness, adequacy or reasonableness of the

Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation,

and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound

by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and

judgments in the Action, including but not limited to the Final Judgment and all releases therein; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

19.     Adjournment. The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

20.     Papers in Support of Final Settlement Approval.  All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty four (34) calendar days before the Settlement Hearing. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing. Defendants, their counsel, their insurers and other Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses or payment award to the Lead Plaintiff submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. No order or proceedings relating to the Plan of Allocation or any application for attorneys' fees or expenses or payments to the Lead Plaintiff shall affect or delay the entry or finality of any order granting final approval to the Settlement.

21.     Bar on Litigating Released Claims.  Pending final determination of whether the Settlement should be approved, all Releasing Parties and anyone who acts or purports to act on their behalf, shall be enjoined from instituting, continuing, asserting or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any Released Party. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action,

other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

22.    <u>Funds In Custody Of Court</u>.  All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation, the Plan of Allocation and/or further order(s) of the Court.

23.    <u>Use of Settlement Stipulation and Related Materials</u>.  Neither the Settlement Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendants, their counsel, their insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Lead Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Lead Plaintiff of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

24.    <u>Termination of Settlement</u>.  In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then this Order (including any amendment(s) thereof) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties.  In such event, Paragraph 10.6 of the Settlement Stipulation shall govern the rights of the Settling Parties.

25.     <u>Retention of Jurisdiction</u>.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Final Judgment be enforced.

Dated: _____, 2017

                                              _____
                                              HON. WILLIAM G. YOUNG
                                              UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON,<br><br>Defendants. | Case No.: 16-cv-10471-WGY |

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

**If you purchased, otherwise acquired or sold the common stock of PTC Inc. ("PTC") between November 24, 2011 and July 29, 2015, both dates inclusive, (the "Settlement Class Period") this Notice contains information regarding your rights with regard to a class action settlement (the "Settlement").** In addition, if you purchased PTC shares during this period for more than $34.10 per share, you may be entitled to a payment from the Settlement.

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the settlement will provide two million one hundred thousand dollars ($2,100,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased, acquired or sold PTC common stock during the Settlement Class Period.

- The Settlement represents an average gross recovery of $0.078 per share of PTC common stock for the 27 million shares that Lead Plaintiff's expert estimates were damaged by Defendants' alleged fraud. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the total amount of allowed claims, as well as the amount of attorneys' fees, costs and administrative expenses awarded by the court.

- Attorneys for Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount or seven hundred thousand dollars ($700,000), reimbursement of litigation expenses of no more than $40,000 and an award

to Lead Plaintiff not to exceed $2,500. Collectively, the attorneys' fees and expenses are estimated to average $0.028 per damaged share of PTC common stock.  If approved by the Court, these amounts will be paid from the gross settlement fund.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.050 per damaged share of PTC common stock. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold PTC common stock, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether PTC and the individual defendants (the "Defendants") violated the federal securities laws by misrepresenting their cooperation in an investigation into purported violations of the Foreign Corrupt Practices Act ("FCPA"). Defendants deny every claim and contention alleged in the lawsuit and deny any misconduct or wrongdoing whatsoever.

- **Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.**

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 2017** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2017** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 2017** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON _____ __, 2017** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

### INQUIRIES

**Please do not contact the Court regarding this Notice.**  All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to the Claims Administrator or Lead Counsel:

| | | |
|---|---|---|
| PTC Inc. Securities Litigation c/o Strategic Claims Services 600 N. Jackson St., Ste. 3 P.O. Box 230 Media, PA 19063 Tel.:  866-274-4004 | **or** | THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 34th Floor New York, NY 10016 Tel.:  212-686-1060 Fax:  212-202-3827 info@rosenlegal.com |

| Fax:  610-565-7985 info@strategicclaims.net | | |
|---|---|---|

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Amended Stipulation of Settlement, dated March 1, 2017 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.     Why did I get this Notice?**

You or someone in your family may have purchased, acquired or sold PTC common stock between November 24, 2011 and July 29, 2015, both dates inclusive.

**2.     What is this lawsuit about?**

The Action is known as *Matthew Crandall v. PTC Inc., et al.,* Case No. 16-cv-10471-WGY, and the Court in charge of the case is the United States District Court for the District of Massachusetts (the "Court"). The complaint in the Action alleges that Defendants falsely asserted that PTC had voluntarily disclosed to the Securities and Exchange Commission ("SEC") and the Department of Justice ("DOJ") the results of an internal investigation into alleged bribery engaged in by PTC's subsidiaries in China during the period between 2005 and 2010 (the "Alleged FCPA Violations"). The complaint further alleges that Defendants falsely reassured investors that PTC was cooperating with the SEC and DOJ's subsequent investigation of the Alleged FCPA Violations. Plaintiff alleged that such voluntary disclosure and cooperation, provided they are complete, can greatly mitigate any punishment for any underlying FCPA violations. The complaint alleges that in truth, PTC had withheld material information concerning the Alleged FCPA Violations, and was therefore not eligible for voluntary disclosure credit. These misstatements, the complaint alleges, artificially inflated the price of PTC's stock, which later fell following PTC's announcement that it would be paying a penalty to the DOJ in addition to disgorgement of profits.  Defendants have filed a motion to dismiss the complaint, which Lead Plaintiff has opposed. Defendants have vigorously denied and continue to deny the allegations in the complaint and all claims of wrongdoing, liability and damages whatsoever. For example, Defendants have denied and continue to deny, that any misstatements or materially misleading omissions were made, that Lead Plaintiff and the Settlement Class have suffered any damages, that the wrongdoing alleged in the complaint caused Lead Plaintiff and the Settlement Class any damages, and that Lead Plaintiff and the Settlement Class were harmed by the conduct alleged in the Action.

The Action seeks money damages against Defendants for violation of the Securities Exchange Action of 1934.  The Court has made no decision regarding the merits of the claims. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

**3.     Why is this a class action?**

In a class action, one or more persons, called plaintiffs, sue on behalf of all persons who have similar claims. All of these persons are referred to collectively as a class, and these individual persons are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.     Why is there a Settlement?**

Lead Plaintiff and Defendants do not agree on the merits of Lead Plaintiff's allegations and Defendants' defenses to liability, or on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail at trial. The issues on which Lead Plaintiff and the Defendants disagree include: (1) whether the challenged statements were materially false; (2) whether the Defendants acted with scienter; (3) the causes of the loss in the value of PTC common stock; and (4) the amount of damages, if any, that could be recovered at trial.

This Action has not gone to trial and the Court has not decided in favor of either Lead Plaintiff or Defendants. Instead, Lead Plaintiff and Defendants have agreed to settle the case. Lead Plaintiff and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks of continued litigation and the defenses raised by the Defendants. Among the reasons that Lead Plaintiff and Lead Counsel believe the Settlement is fair is the fact that it is uncertain whether they will be able to prove that the alleged misstatements actually caused the Settlement Class any damages, and the amount of damages, if any.

**5.      How do I know if I am part of the Settlement?**

The Settlement Class consists of all Persons who purchased or otherwise acquired PTC common stock during the period from November 24, 2011 through July 29, 2015 inclusive, including any Persons who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period.

**6.      Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representative, heirs, successors, or assigns of any such excluded party.  Also excluded are any Persons who timely and validly request exclusion from the Settlement Class by following the instructions contained in the response to Question 11 below.

**7.      I am still not sure whether I am included.**

For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by fax at (610) 565-7985, visit the website www.strategicclaims.net, or fill out and return the Proof of Claim and Release Form described in response to Question 9, to see if you qualify.

**8.      What does the Settlement provide?**

    **a.      What is the settlement fund?**

The Settlement provides that, in exchange for the Settlement and dismissal of the Action with prejudice, PTC will pay two million one hundred thousand dollars ($2,100,000) into a settlement fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the settlement fund will be used to pay attorneys' fees and reasonable litigation expenses to Lead Counsel and any award to the Lead Plaintiff. A portion of the settlement fund also will be used to pay taxes due on interest earned by the settlement fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the settlement fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed according to the Plan of Allocation to be approved by the Court to Settlement Class Members who submit timely, valid claims ("Authorized Claimants").

    **b.      What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on:  (i) the number of claims filed; (ii) the dates you purchased and sold PTC common stock; (iii) the prices of your purchases

and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and to Lead Plaintiff.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss," as defined in the Plan of Allocation set forth below. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The following proposed Plan of Allocation was drafted by Lead Counsel, with approval of Lead Plaintiff. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market and industry-wide factors, or Company-specific factors unrelated to the alleged fraud.

The Plan of Allocation was created with the help of a damages expert, and assumes that the price of PTC common stock was artificially inflated throughout the Settlement Class Period. The computation of the estimated alleged artificial inflation in the price of PTC common stock during the Settlement Class Period is based on the price change of PTC common stock in reaction to the public announcements that allegedly corrected the alleged misrepresentations set out in the complaint.

To have been damaged by the alleged violations of the federal securities laws, you must have held PTC common stock purchased during the Settlement Class Period during a period of time when its price declined from disclosure of information allegedly correcting a misleading statement. The Lead Plaintiff and Lead Counsel have determined that such price declines occurred on July 10, 2015 and July 30, 2015. Accordingly, if you sold PTC common stock before July 10, 2015 (the earliest corrective disclosure date), your Recognized Loss for those shares is $0.00. Similarly, if you both bought and sold PTC common stock between July 10, 2015 and July 29, 2015, your Recognized Loss for those shares is $0.00.

The "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for PTC common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on PTC common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of the PTC common stock during the 90-Day Lookback Period. **Therefore, if you bought your PTC common stock for less than $34.10 per share, your Recognized Loss for those shares is $0.00.**

## CALCULATION OF PER-SHARE RECOGNIZED LOSS

For each share of PTC common stock purchased (or otherwise acquired) during the Settlement Class Period (*i.e.*, November 24, 2011 and July 29, 2015, inclusive), the Recognized Loss per share will be calculated as follows:

**1) For shares of common stock purchased between November 24, 2011 and July 9, 2015, inclusive:**

a. For shares retained at the end of trading on October 27, 2015, the Recognized Loss shall be the lesser of:
   (1)    $3.57 per share; or
   (2)    the difference between the purchase price per share and $34.10 per share.

b. For shares sold between November 24, 2011 and July 9, 2015, inclusive,  the Recognized Loss shall be zero.

c. For shares sold between July 10, 2015 and July 29, 2015, inclusive, the Recognized Loss shall be the lesser of:
   (1)    $2.00 per share; or
   (2)    the difference between the purchase price per share and sale price per share.

d. For shares sold between July 30, 2015 and October 27, 2015, inclusive, the Recognized Loss shall be the lesser of:
   (1)    $3.57 per share; or
   (2)    the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table A below.

**2) For shares of common stock purchased between July 10, 2015 and July 29, 2015, inclusive:**

a. For shares retained at the end of trading on October 27, 2015, the Recognized Loss shall be the lesser of:
   (1)    $1.57 per share; or
   (2)    the difference between the purchase price per share and $34.10 per share.

b. For shares sold between July 10, 2015 and July 29, 2015, inclusive, the Recognized Loss shall be zero.

c. For shares sold between July 30, 2015 and October 27, 2015, inclusive, the Recognized Loss shall be the lesser of:
   (1)    $1.57 per share; or
   (2)    the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table A below.

In the calculation of Recognized Loss, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is a negative number, the Recognized Loss shall be $0.00.

Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|------|---------------|-----------------------|
| 7/30/2015 | $36.23 | $36.23 | 9/15/2015 | $33.00 | $34.56 |
| 7/31/2015 | $36.35 | $36.29 | 9/16/2015 | $33.41 | $34.52 |
| 8/3/2015 | $36.58 | $36.39 | 9/17/2015 | $33.51 | $34.49 |

| 8/4/2015 | $36.50 | $36.42 | 9/18/2015 | $33.42 | $34.46 |
| 8/5/2015 | $36.50 | $36.43 | 9/21/2015 | $33.99 | $34.45 |
| 8/6/2015 | $36.07 | $36.37 | 9/22/2015 | $33.63 | $34.43 |
| 8/7/2015 | $35.91 | $36.31 | 9/23/2015 | $33.17 | $34.40 |
| 8/10/2015 | $36.55 | $36.34 | 9/24/2015 | $32.60 | $34.35 |
| 8/11/2015 | $36.34 | $36.34 | 9/25/2015 | $32.51 | $34.31 |
| 8/12/2015 | $35.70 | $36.27 | 9/28/2015 | $31.71 | $34.25 |
| 8/13/2015 | $35.53 | $36.21 | 9/29/2015 | $30.97 | $34.17 |
| 8/14/2015 | $35.93 | $36.18 | 9/30/2015 | $31.74 | $34.11 |
| 8/17/2015 | $36.36 | $36.20 | 10/1/2015 | $31.40 | $34.05 |
| 8/18/2015 | $36.40 | $36.21 | 10/2/2015 | $32.01 | $34.01 |
| 8/19/2015 | $36.12 | $36.20 | 10/5/2015 | $33.21 | $33.99 |
| 8/20/2015 | $35.29 | $36.15 | 10/6/2015 | $34.03 | $33.99 |
| 8/21/2015 | $34.44 | $36.05 | 10/7/2015 | $33.84 | $33.99 |
| 8/24/2015 | $33.89 | $35.93 | 10/8/2015 | $33.92 | $33.99 |
| 8/25/2015 | $33.46 | $35.80 | 10/9/2015 | $34.67 | $34.00 |
| 8/26/2015 | $33.88 | $35.70 | 10/12/2015 | $34.90 | $34.02 |
| 8/27/2015 | $34.31 | $35.64 | 10/13/2015 | $34.68 | $34.03 |
| 8/28/2015 | $34.15 | $35.57 | 10/14/2015 | $34.51 | $34.04 |
| 8/31/2015 | $33.12 | $35.46 | 10/15/2015 | $34.62 | $34.05 |
| 9/1/2015 | $32.29 | $35.33 | 10/16/2015 | $35.13 | $34.07 |
| 9/2/2015 | $32.28 | $35.21 | 10/19/2015 | $35.08 | $34.09 |
| 9/3/2015 | $32.68 | $35.11 | 10/20/2015 | $34.83 | $34.10 |
| 9/4/2015 | $31.99 | $34.99 | 10/21/2015 | $33.58 | $34.09 |
| 9/8/2015 | $32.98 | $34.92 | 10/22/2015 | $34.18 | $34.09 |
| 9/9/2015 | $31.91 | $34.82 | 10/23/2015 | $34.33 | $34.10 |
| 9/10/2015 | $32.33 | $34.74 | 10/26/2015 | $34.46 | $34.10 |
| 9/11/2015 | $32.55 | $34.67 | 10/27/2015 | $34.03 | $34.10 |
| 9/14/2015 | $32.77 | $34.61 | | | |

## ADDITIONAL PLAN OF ALLOCATION PROVISIONS

To calculate your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of PTC common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of those shares of PTC common stock for the calculation of each Settlement Class Member's Recognized Loss, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase of such shares of PTC common stock during the Settlement Class Period unless (a) the donor or decedent purchased or otherwise acquired such PTC common stock during the Settlement Class Period; (b) no claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such PTC common stock; and (c) it is specifically so provided in the instrument of gift or assignment.

If a Settlement Class Member has more than one purchase or sale of PTC common stock during the Settlement Class Period, all purchases and sales shall be matched using a First In,

First Out ("FIFO") method of accounting, such that sales will be matched first against the Settlement Class Member's opening holdings of PTC common stock on the first day of the Settlement Class Period, if any, and then will be matched against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

The date of covering a "short sale" is the date of purchase of PTC common stock. The date of a "short sale" is the date of sale of PTC common stock. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. If a Settlement Class Member has an opening short position in PTC common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

If there are sufficient funds in the Net Settlement Fund, each Class Member will receive an amount equal to their total Recognized Losses. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Losses for all Authorized Claimants, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that their total Recognized Losses bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

**9.      How can I get a payment?**

To qualify for  payment, you must timely send in a form entitled "Proof of Claim and Release Form," which is attached to this Notice.  You may also obtain a Proof of Claim and Release Form on the Internet at www.strategicclaims.net.  Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with all documentation requested in the form, postmarked no later than _____ __, 2017, to the Claims Administrator, at the address appearing on page 2 of this Notice. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the [**date**] deadline, you will be a member of the Settlement Class and will be bound by the release of claims if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) any claims which arise out of, are based upon or relate in any way to the purchase, acquisition, or sale of PTC common stock during the Settlement Class Period. It means that all of the Court's orders in the Action will apply to you and legally bind you.  The specific terms of the release and related terms are included in the Stipulation.

**11.     How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Crandall v. PTC Inc.*", and (B) states the date, number of shares and dollar amount of each of your of your PTC common stock purchases, acquisitions, and sales during the Settlement Class Period, as well as the number of shares of PTC common stock you held as of November 24, 2011 and July 29, 2015. You must sign and submit the request as the beneficial owner under penalty of perjury.  You must mail your exclusion request, to be received no later than ___ __, 2017, to the Claims Administrator at:

EXCLUSIONS - PTC Inc. Securities Litigation

c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

If you do not exclude yourself by following the procedure outlined above, you will be bound by all orders entered in the Action and you will give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims (as that term is defined in the Settlement Stipulation), speak to your lawyer in that case immediately, since you must timely exclude yourself from this Settlement Class to continue your own lawsuit.

**12.     Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. Contact information for Lead Counsel is provided below. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the settlement fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the settlement fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed $700,000, for reimbursement of reasonable litigation expenses not to exceed $40,000 and an award to Lead Plaintiff in an amount not to exceed $2,500 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the settlement fund.

**14.     How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement, any part of the Settlement, Lead Counsel's motion for attorneys' fees and expenses and application for an award to Lead Plaintiff.  To do so, you must object in a writing, stating that you object to the Settlement in *Crandall v. PTC Inc*. You must also include (1) your name, address, telephone number and email address (if any), (2) documentation showing all of your purchases and sales of PTC common stock during the Settlement Class Period in order to show your membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times each of you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.  You must serve copies of any objections, papers and briefs to the following addresses, to be received no later than _____ __, 2017:

LEAD COUNSEL:                                DEFENDANTS' COUNSEL:

Laurence M. Rosen, Esq.                      Brian E. Pastuszenski, Esq.
THE ROSEN LAW FIRM, P.A.                     GOODWIN PROCTER LLP
275 Madison Avenue, 34th Floor               620 Eighth Avenue
New York, New York 10016                     New York, New York 10018
Tel:  (212) 686-1060                         Tel:  (212) 813-8800
Fax:  (212) 202-3827                         Fax:  (212) 355-3333

The Court has ordered that Lead Counsel file your objection with the Court promptly upon receiving it.  Should you wish instead to file an objection directly with the Court, you may do so at:  Clerk of Court, U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.

Any Person who does not timely submit a written objection complying with the terms set forth above shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objections will be barred.

If you exclude yourself from the Settlement Class, you cannot object to the Settlement because it no longer concerns you.  If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**15.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on ___ __, 2017, at __:__ _.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, Courtroom # 18.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing following the instruction in Question 16 below.  The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award to Lead Plaintiff.  Be aware that the Court may change the date and time of the Settlement Hearing without further notice to Settlement Class Members.  If you plan to come to the hearing, you should check with Lead Counsel before coming to be sure that the date or time has not changed.

**16.     Do I have to come to the hearing?**

No.  If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.   However, if you wish to be heard orally at the Settlement Hearing, you must indicate in your written objection (or in a separate writing that is timely submitted) that you intend to appear at the Settlement Hearing and identify any witnesses you may call to testify and exhibits you intend to introduce into evidence at the Settlement Hearing.  If you or your attorney intend to appear in Court, you must file with the Court and serve on the counsel listed above, a notice of appearance, setting forth the name and address of anyone intending to appear by no later than _____.

**17.     What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement.  However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Parties concerning the Released Claims (as defined in the Settlement Stipulation) ever again.

**18.     How do I get more information about the proposed Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Settlement Stipulation dated _____.  You can get a copy of the Settlement Stipulation by visiting the website www.strategicclaims.net, by contacting the Claims Administrator at the address/number

listed on page 2 above or by contacting Lead Counsel at the address/number listed on page 2 above. In addition, the pleadings, Settlement Stipulation, other documents and orders in the Action can be inspected at the Clerk's Office, U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, between November 24, 2011 and July 29, 2015, inclusive, you purchased, otherwise acquired, or sold the common stock of PTC Inc. for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such PTC common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the PTC common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.75 per notice. Those  expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2above.


BY ORDER OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MASSACHUSETTS

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

## I.    GENERAL INSTRUCTIONS

IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF PTC INC. ("PTC") DURING THE PERIOD FROM NOVEMBER 24, 2011 THROUGH JULY 29, 2015 INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), INCLUDING BY SELLING PTC SHARES SHORT AND THEN PURCHASING TO COVER THAT SHORT POSITION DURING THE SETTLEMENT CLASS PERIOD, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY OF ANY INDIVIDUAL DEFENDANT, ANY ENTITY IN WHICH ANY DEFENDANT HAS MORE THAN A 50% OWNERSHIP INTEREST, OR WHICH ANY DEFENDANT CONTROLS, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS OR ANY OF THE FOREGOING.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2017 TO STRATEGIC CLAIM SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

PTC Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2017 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT PROCEEDS, <u>BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF</u>.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

## II.    CLAIMANT INFORMATION

| | |
|---|---|
| Name: | |
| | |
| Address: | |
| | |

| City | | State | ZIP |
|---|---|---|---|
| Foreign Province | | Foreign Country | |
| Day Phone | | Evening Phone | |
| Email | | | |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|
| | | |

## III.    SCHEDULE OF TRANSACTIONS IN PTC COMMON STOCK

Please supply all required details of your transaction(s) in PTC common stock.  Broker confirmations, brokerage statements reflecting your purchases, or other documentation of your transactions in PTC common stock should be attached to your claim. If you do not have documentation from your broker, you may also attach any documents or schedules that you attached to any federal tax return that reflect Settlement Class Period purchases, acquisitions or sales of PTC common stock. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

**Beginning Holdings:**

A.  State the total number of shares of PTC common stock held at the close of trading on November 24, 2011 (*must be documented*).  If none, write "zero" or "0."

**Purchases**/Acquisitions:

B.  Separately list each and every purchase or acquisition of PTC common stock between November 24, 2011 and July 29, 2015, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C.  Separately list each and every sale of PTC common stock between November 24, 2011 and July 29, 2015, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.  State the total number of shares of PTC common stock held at the close of trading on July 29, 2015 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS

I (We), _____ submit this Proof of Claim and Release under the terms of the Amended Stipulation of Settlement dated March 1, 2017 and described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my (our) claim as a Settlement Class Member (as defined herein) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to Lead Counsel or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of PTC common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## VI.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish and discharge with prejudice all of the Released Claims against each and all of the Released Parties (as these terms are defined in the Stipulation).

2.    I (We) hereby acknowledge that I (we) will not be entitled to bring, or receive recovery in, any other action against any of the Released Parties based on or arising out of the Released Claims (as these terms are defined in the Stipulation).

3.    This Release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

4.    I (We) hereby warrant and represent that I (we) am (are) a member of the Settlement Class and I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

## VII.    CERTIFICATION

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE AND I (WE) AGREE TO BE BOUND BY ALL ORDERS ENTERED IN THE ACTION.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
Check here if proof of authority to file is enclosed.
(See III, above)

Date: _____

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at 866-274-4004 or by email at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page ___.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you.  NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or delivery payment to you.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated, | **Case No.: 16-cv-10471-WGY** |
| Plaintiff, | |
| v. | |
| PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON, | |
| Defendants. | |

### SUMMARY NOTICE OF PENDENCY AND
### PROPOSED CLASS ACTION SETTLEMENT

**TO:     ALL PERSONS WHO PURCHASED, OTHERWISE ACQUIRED OR SOLD COMMON STOCK OF PTC INC. FROM NOVEMBER 24, 2011 AND JULY 29, 2015, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class action for settlement purposes and that the Lead Plaintiff has reached a proposed settlement with Defendants to resolve all claims in the case for $2,100,000 in cash. The Settlement Class consists of all persons who purchased or otherwise acquired common stock of PTC Inc. from November 24, 2011, through July 29, 2015, inclusive, including anyone who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period. If you are a Settlement Class Member, your rights will be affected by this settlement, and you may be entitled to share in the Settlement Fund.

A hearing will be held on _____, 2017 , at __:__ _.m. before the Honorable

William G. Young, United States District Judge of the District of Massachusetts, 1 Courthouse

Way, Boston, Massachusetts 02210, Courtroom # 18, to determine: (1) whether the Court should

approve the settlement and plan of allocation as fair, reasonable, and adequate; and (2) whether

the Court should approve Lead Counsel's application for an award of attorneys' fees of up to one

third of the Settlement Amount, reimbursement of expenses of not more than $40,000, and an

incentive payment of no more than $2,500 to Lead Plaintiff.

If you have not received a detailed Notice of Pendency and Proposed Settlement of Class

Action ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by

writing to or calling PTC Inc. Securities Litigation, c/o Strategic Claims Services, 600 N.

Jackson St., Ste. 3, P.O. Box 230, Media, PA 19063; (Tel) (866)274-4004; or by email at

info@strategicclaims.net, or going to the website, www.strategicclaims.net.  If you are a member

of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must

submit a Proof of Claim and Release Form postmarked no later than _____, 2017,

establishing that you are entitled to recovery.

As further described in the Notice, you will be bound by any judgment entered in the

Action, regardless of whether you submit a Proof of Claim and Release Form, unless you

exclude yourself from the Settlement Class, in accordance with the procedures set forth in the

Notice, by no later than _____, 2017. Any objection to the Settlement, Plan of

Allocation, or Class Counsel's request for an award of attorneys' fees and reimbursement of

expenses and award to Lead Plaintiff must be served no later than _____, 2017, in the manner

and form explained in the detailed Notice.

If you have any questions about the Settlement, you may call or write to the Claims

Administrator at the address and phone number listed above, or Lead Counsel at The Rosen

Firm, P.A., c/o Laurence M. Rosen, Esq., 275 Madison Avenue, 34th Floor, New York, NY

10016, (212) 686-1060.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated, | **Case No.: 16-cv-10471-WGY** |
| Plaintiff, |  |
| v. |  |
| PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON, |  |
| Defendants. |  |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for a hearing on the _____ day of _____, 2017, on the application of the Settling Parties for approval of the Settlement set forth in the Amended Stipulation of Settlement dated March 1, 2017 (the "Settlement Stipulation").

It appearing in the record that (a) the Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order dated _____, 2017 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and (b) the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

The Court having considered all papers filed and proceedings in the Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2.      The Court has jurisdiction over the subject matter of the Action and over the Settling Parties.

3.      The Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement

Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the "Settlement Class," defined as all Persons (except Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representatives, heirs, successors, or assigns of any such excluded party) who purchased or otherwise acquired PTC common stock during the period from November 24, 2011 through July 29, 2015 inclusive, including any Persons who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period, and excluding those Persons who timely and validly request exclusion from the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Plaintiff's Counsel previously selected by Lead Plaintiff and appointed by the Court is  hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

6. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: (a) met the requirements of due process, Rule 23 of the Federal Rules of Civil

Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by

the Private Securities Litigation Reform Act of 1995 and all other applicable laws; (b)

constituted the best notice practicable under the circumstances; (c) were reasonably calculated

under the circumstances to describe the terms and effect of the Settlement and to apprise

Settlement Class Members of their right to object to the proposed Settlement, to appear at the

Settlement Hearing, to exclude themselves from the Settlement Class, as well as the binding

effect of the orders and judgments in this Action; and (d) constituted due and sufficient notice to

all those entitled thereto.  No Settlement Class Member shall be relieved from the terms and

conditions of the Settlement, including the releases provided pursuant thereto, based upon the

contention or proof that such Settlement Class Member failed to receive actual or adequate

notice. A full opportunity has been offered to the Settlement Class Members to object to the

proposed Settlement and to participate in the hearing thereon. The Court further finds that the

notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

7.      The Settlement is hereby approved as fair, reasonable and adequate, and in the

best interests of the Settlement Class. The Settlement set forth in the Settlement Stipulation is the

result of good faith, arm's-length negotiations between experienced counsel representing the

interests of the Lead Plaintiff, Settlement Class Members and Defendants. All Settlement Class

Members are hereby bound by this Order and Final Judgment ("Final Judgment").  The Settling

Parties are directed to consummate the Settlement in accordance with the terms and provisions of

the Settlement Stipulation. In support of this finding, the Court hereby finds that: (a) prosecuting

the action would be highly complex, and would require Lead Plaintiff to prove Defendants'

knowledge of PTC subsidiaries' alleged wrongful acts in China over a period of almost five

years; (b) there have been only __ objections to the Settlement and only __ requests for

exclusion; (c) the Action was sufficiently advanced to permit Lead Plaintiff to evaluate the case and its merits; (d) there would be significant risks of establishing liability, including the risk that Lead Plaintiff would not be able to establish that Defendants did not believe in good faith that they had disclosed all relevant information to the authorities and simply did not appreciate that they had omitted to disclose relevant information; (e) there would be a risk of establishing damages, in that Lead Plaintiff may not be able to disaggregate the portion of the fall in PTC's stock price caused by the disclosure of allegedly fraudulent news, if any, from the portion caused by other non-fraud causes; (f) Defendants would challenge Lead Plaintiff's adequacy given his relatively small financial stake in the controversy; (g) under Lead Plaintiff's calculations, the Settlement recovers 4.2% of maximum total damages, and Settlement Class Members will recover ___% of their Recognized Losses, which are fair, reasonable, and adequate recoveries given that this case is exceptionally difficult.

8.      The Action and all of the Released Claims are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9.      In accordance with Paragraph 1.25 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Releasing Parties" shall mean:  Lead Plaintiff, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

10.     In accordance with Paragraph 1.23 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Parties" shall mean:  (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or

organization in which any Defendant has a controlling interest or which is or was related to or

affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a),

their respective past, present or future directors, officers, employees, insurers, reinsurers,

attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants,

trustees, underwriters, investment bankers, subsidiaries, parents, any other entity in which any

such parent has a controlling interest or which is or was related to or affiliated with any such

parent, successors, predecessors, heirs, immediate family members, and anyone acting or

purporting to act for or on behalf of any of them or their successors; and (c) the legal

representatives, predecessors, successors and assigns of any of the foregoing.

11.     In accordance with Paragraph 1.22 of the Settlement Stipulation, for purposes of

this Final Judgment, the term "Released Claims" shall mean:  to the fullest extent permitted by

law or equity, any and all Claims by any Settlement Class Member against any of the Released

Parties that (a) arise out of or are based upon any of the allegations, facts, circumstances,

transactions, statements, misstatements, omissions, or subject matters that were alleged in the

Action or that could have been alleged in the Action or that could in the future be alleged in any

forum based upon the facts alleged in the Action; and (b) arise out of or are based upon the

purchase, acquisition or sale of PTC common stock during the Settlement Class Period,

*provided, however*, that Released Claims do not include Claims to enforce the Settlement

Stipulation.

12.     In accordance with Paragraph 1.24 of the Settlement Stipulation, for purposes of

this Final Judgment, the term "Released Parties' Claims" shall mean:  all claims, demands,

rights, remedies, liabilities, and causes of action of every nature and description whatsoever,

whether based on federal, state, local, statutory, or common law, or any other law, rule, or

regulation, that arise out of or are based upon the institution, prosecution, or Settlement of this Action, including but not limited to all claims for malicious prosecution or sanctions. "Released Parties' Claims" do not include claims to enforce any of the terms of the Settlement Stipulation or the Final Judgment.

13.     The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from instituting, continuing, asserting or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any of the Released Parties.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Final Judgment.

14.     Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, Settlement Class Members and Lead Counsel from all Released Parties' Claims, and shall be permanently enjoined from prosecuting the Released Parties' Claims against Lead Plaintiff, Settlement Class Members and Lead Counsel. Nothing contained herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Final Judgment.

15.     All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not pursue any Released Claims on behalf of those who are bound by this Final Judgment.

16.     To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of or based upon such Person's participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

17.     The Court finds that all Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

18.     This Final Judgment, the Settlement Stipulation, any of their respective terms and provisions, and any negotiations, proceedings or agreements relating to the Settlement Stipulation, as well as all matters arising in connection with such negotiations, proceedings or

agreements, and all acts performed or documents executed pursuant to or in furtherance of the

Settlement Stipulation:

       (a)      shall not be offered or received against any of the Defendants as evidence

of a presumption, concession, or admission of any kind;

       (b)      shall not be offered or received against any of the Defendants as evidence

of an admission by any of those Defendants with respect to the truth of any fact alleged in the

Complaint or the validity of any Released Claim, or the deficiency of any defense that has been

or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the

Defendants;

       (c)      shall not be offered or received against the Defendants as evidence of any

fault, misrepresentation, omission or other actionable conduct with respect to any statement or

written document approved or made by any of the Defendants;

       (d)      shall not be offered or received against the Defendants as evidence of any

liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as

against any of the Defendants, in any other civil, criminal or administrative action or proceeding,

other than such proceedings as may be necessary to effectuate the provisions of the Settlement

Stipulation; provided, however, that if the Settlement Stipulation is approved by the Court, the

Released Persons may refer to it to effectuate the release of Released Claims and other liability

protections granted them hereunder;

       (e)      shall not be construed against any of the Defendants as an admission or

concession that the consideration to be given hereunder represents the amount that could be or

would have been recovered after trial;

(f)       shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

(g)       shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

19.       The Released Parties may file or introduce the Settlement Stipulation and/or this Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to otherwise enforce the terms of the Stipulation or this Final Judgment.

20.       Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

21.       Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including to the Claims Administrator; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and any Lead Plaintiff Award; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

22.      Without further order of the Court, the Defendants and Lead Plaintiff may agree in writing to such amendments, modifications, and expansions of the Settlement Stipulation, and reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation, provided that such amendments, modifications, expansions and extensions do not materially limit the rights of Settlement Class Members or the Released Parties under the Settlement Stipulation.

23.      The finality of this Final Judgment approving the Settlement shall not be affected, in any manner, by rulings that the Court has made, or may in the future make, on the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses, or any award to the Class Representative, or any appeal or modification of any orders relating to the foregoing.  Such matters shall be considered separate from final approval of the Settlement.

24.      The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

25.      Lead Counsel are hereby awarded _____% of the Settlement Amount in fees, which the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Lead Counsel or any other person in connection with the allocation of attorneys' fees and expenses. Lead Plaintiff is hereby awarded $_____, which the Court finds to be fair and reasonable. The Court has reviewed Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and an Award to Lead Plaintiff, and finds that: (a) only ___ Class Members objected to the award of attorneys' fees, reimbursement of

expenses or the award to Lead Plaintiff; (b) Lead Counsel's skill and efficiency was

demonstrated by quickly reaching an excellent settlement; (c) the Action was complex; (d) there

was a substantial risk that the litigation would be unsuccessful, as demonstrated by the fact that

no other law firms were willing to accept the Action; (e) Lead Counsel devoted _____ hours to

prosecuting the Action; and (f) Lead Counsel obtained a significant benefit for the Class.

26.     In the event the Settlement does not become effective in accordance with the

terms of the Settlement Stipulation, then the Settlement Stipulation and this Final Judgment shall

be null and void to the extent provided by and in accordance with the Settlement Stipulation, and

shall be vacated, and in such event, the provisions of Paragraph 10.6 of the Settlement

Stipulation shall apply.

27.     There is no just reason for delay in the entry of this Order and Final Judgment and

immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the

Federal Rules of Civil Procedure.

Dated: _____, 2017                    _____
                                             HON. WILLIAM G. YOUNG
                                             UNITED STATES DISTRICT JUDGE