EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON,<br><br>Defendants. | Case No.: 16-cv-10471-WGY |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

EXHIBIT A

WHEREAS, Lead Plaintiff Matthew Crandall ("Lead Plaintiff"), individually and on behalf of the Settlement Class, and PTC Inc. ("PTC" or the "Company") and the Individual Defendants (collectively, the "Defendants"), have entered into an Amended Stipulation of Settlement, dated March 1, 2017 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the putative class action pending before the Court entitled *Crandall v. PTC Inc., et al*, Case No. 16-cv-10471-WGY (D. Mass.) (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2017, that:

1.      Definitions. Unless otherwise defined herein, capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.      Jurisdiction. This Court has jurisdiction over the subject matter of this Action and over the Settling Parties.

3.      Preliminary Findings as to Settlement Class. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent;

1

(d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Certification of the Settlement Class.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of the "Settlement Class," which is defined as all Persons (except Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representatives, heirs, successors, or assigns of any such excluded party) who purchased or otherwise acquired PTC common stock during the period from November 24, 2011 through July 29, 2015 inclusive, including any Persons who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period, and excluding those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions contained in and requirements of the "Notice of Pendency and Settlement of Class Action" to be sent to the Settlement Class.

5.      Lead Plaintiff and Lead Counsel.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff Matthew Crandall is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Plaintiff's Counsel, The Rosen Law Firm, P.A., previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

6.    <u>Preliminary Findings Concerning Proposed Settlement</u>. The Court preliminarily finds that the Settlement should be preliminarily approved as: (a) the result of good faith, arm's length negotiations, (b) falling within a range of reasonableness warranting final approval; and (c) sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing, as described below.

7.    <u>Settlement Hearing</u>. A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), will be held before the Honorable William G. Young, Courtroom 18, 5th Floor, of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210 on July 13 2017 at 2:00 p.m. to, among other things: (a) determine whether to certify, for settlement purposes only, the Settlement Class; (b) determine whether the Settlement is fair, reasonable, and adequate, and warrants final approval by the Court; (c) determine whether the Final Judgment substantially in the form of Exhibit B to the Settlement Stipulation should be entered; (d) determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (e) consider the application of Lead Counsel for an award of attorneys' fees and expenses and an award to the Class Representative; (f) consider any objections received by the Court; and (g) rule upon such other matters as the Court may deem appropriate.

8.    <u>Continuance of Hearing/Modification of Settlement</u>. The Court reserves the right to continue or adjourn the Settlement Hearing to a later date without further notice to the Settlement Class, and to approve the Settlement with such modifications as may be agreed to by the Settling Parties without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 or due process of

law. The Court further reserves the right to enter the Final Judgment or an Alternative Judgment regardless of whether, and to what extent, it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

9.     Notice.  The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice; and (c) the Proof of Claim, all of which are exhibits to the Settlement Stipulation, and finds that the procedures for publication, mailing and distribution of such notices substantially in the manner set forth in Paragraph 10 below meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 and all other applicable laws; constitute the best notice practicable under the circumstances; are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; and constitute due and sufficient notice to all Persons entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

10.     Retention of Claims Administrator and Manner of Notice.  Lead Counsel is authorized to retain Strategic Claims Services as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims under the supervision of Lead Counsel as more fully set forth below:

(a)     Lead Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Settlement

Stipulation, to be mailed, by first class mail, postage prepaid, within sixteen (16) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort.

(b)     Lead Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

(c)     Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within sixteen (16) calendar days after the entry of this Order.

11.     <u>Additional Provisions Concerning Notice</u>. In order to effectuate providing notice as described above:

(a)     The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000.00 (One Hundred Fifty Thousand Dollars) from the Settlement Fund to pay Administration Costs.

(b)     No later than seven (7) calendar days after the date of this Order, PTC shall provide and/or cause its transfer agent to provide to Lead Counsel a list of the record owners of PTC common stock during the Settlement Class Period in a usable electronic format, such as an Excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

(c)     Lead Counsel, through the Claims Administrator, shall take all reasonable efforts to give notice to nominees or custodians who held PTC common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim, either (i) request additional copies of the Notice and Proof of Claim sufficient to send the Notice and Proof of Claim to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, up to $0.75 per Notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

(d)     Not later than thirty-four (34) calendar days before the Settlement Hearing, Lead Counsel shall file with the Court one or more affidavits showing timely compliance with the foregoing mailing and publication requirements.

12.   <u>Claims.</u> In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)   A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than _____, 2017 (forty four (44) calendar days prior to the Settlement Hearing).  Such deadline may be further extended by Order of the Court.  Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)   The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form;

and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.   Reviewing Claims. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deemed deficient or otherwise rejected shall be afforded a reasonable time (at least fifteen (15) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Settlement Class Member whose claim has been rejected in whole or in part wishes to contest such rejection, the Settlement Class Member must, within fifteen (15) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Settlement Class Member's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court. By submitting a Proof of Claim, Settlement Class Members submit to the jurisdiction of the Court with respect to the claim submitted. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic. No dispute regarding a Proof of Claim shall affect or delay the entry or finality of the Final Judgment or an Alternative Judgment.

14.   Exclusions From The Settlement Class. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable,

unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make a request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2017 (thirty (30) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion must (A) clearly indicate the name, address, phone number, and e-mail address of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Crandall v. PTC Inc.*" and (B) state the date, number of shares and dollar amount of each PTC common stock purchase, acquisition and sale during the Settlement Class Period, as well as the number of shares of PTC common stock held by the Person as of November 24, 2011 and July 29, 2015 (the first and last days of the Settlement Class Period). Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline).

15.   <u>Revoking Requests For Exclusion</u>.  Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator and to Lead Counsel a written and signed revocation of that request for exclusion, provided that it is received no later than two (2)

Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

16.   Objections to Settlement. The Court will consider objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least seventeen (17) calendar days prior to the Settlement Hearing Date:

| CLASS COUNSEL: | DEFENDANTS' COUNSEL: |
|---|---|
| Laurence M. Rosen, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016 | Brian E. Pastuszenski, Esq.<br>GOODWIN PROCTER LLP<br>620 Eighth Avenue<br>New York, New York 10018 |

Lead Counsel will file with the Court all objections it receives. To be valid, an  objection must contain (1) the objector's name, address, telephone number and email address; (2) a statement that the objector is objecting to the proposed Settlement, Plan of Allocation or award of attorneys' fees and expenses in *Crandall v. PTC, Inc.* (3) documentation of all purchases and sales of PTC common stock during the Settlement Class Period; (4) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel, (5) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, and (6) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the

nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

17.   <u>Appearance at the Settlement Hearing</u>. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing submitted to the counsel listed in Paragraph 16 no later than seventeen (17) days prior to the Settlement Hearing) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Objectors or their attorneys intending to appear at the Settlement Hearing must also, no later than seventeen (17) days prior to the Settlement Hearing, file with the Court, and serve upon counsel listed in the above paragraph, a notice of intention to appear, setting forth the name and address of anyone intending to appear. Any objector or counsel who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear, except for good cause shown. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18.   <u>Waiver of Objections</u>. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and

judgments in the Action, including but not limited to the Final Judgment and all releases therein;

and shall also be foreclosed from appealing from any judgment or order entered in this Action.

19.    Adjournment. The Court reserves the right to adjourn the Settlement Hearing

without any further notice other than entry of an Order on the Court's docket, and to approve the

Settlement without further notice to the Settlement Class.

20.    Papers in Support of Final Settlement Approval. All papers in support of the

Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and

served no later than thirty four (34) calendar days before the Settlement Hearing. Any

submissions filed in response to any objections or in further support of the Settlement, the Plan

of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7)

calendar days prior to the Settlement Hearing. Defendants, their counsel, their insurers and other

Released Parties shall have no responsibility for the Plan of Allocation or any application for

attorneys' fees or expenses or payment award to the Lead Plaintiff submitted by Lead Counsel,

and such matters will be considered separately from the fairness, reasonableness, and adequacy

of the Settlement. No order or proceedings relating to the Plan of Allocation or any application

for attorneys' fees or expenses or payments to the Lead Plaintiff shall affect or delay the entry or

finality of any order granting final approval to the Settlement.

21.    Bar on Litigating Released Claims. Pending final determination of whether the

Settlement should be approved, all Releasing Parties and anyone who acts or purports to act on

their behalf, shall be enjoined from instituting, continuing, asserting or prosecuting, or assisting

any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim,

in any capacity, against any Released Party. Unless and until the Settlement Stipulation is

cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action,

other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

22.    Funds In Custody Of Court.  All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation, the Plan of Allocation and/or further order(s) of the Court.

23.    Use of Settlement Stipulation and Related Materials.  Neither the Settlement Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendants, their counsel, their insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Lead Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Lead Plaintiff of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

24.    Termination of Settlement.  In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then this Order (including any amendment(s) thereof) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties. In such event, Paragraph 10.6 of the Settlement Stipulation shall govern the rights of the Settling Parties.

25.   <u>Retention of Jurisdiction</u>.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Final Judgment be enforced.

Dated: _March 23_, 2017

_William B. Young_
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

14