UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON,<br><br>Defendants. | Case No.: 16-cv-10471-WGY |

[PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for a hearing on the 13th day of July, 2017, on the application of the Settling Parties for approval of the Settlement set forth in the Amended Stipulation of Settlement dated March 1, 2017 (the "Settlement Stipulation").

It appearing in the record that (a) the Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order dated March 23, 2017 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and (b) the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

The Court having considered all papers filed and proceedings in the Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over the Settling Parties.

3. The Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement

Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the "Settlement Class," defined as all Persons (except Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representatives, heirs, successors, or assigns of any such excluded party) who purchased or otherwise acquired PTC common stock during the period from November 24, 2011 through July 29, 2015 inclusive, including any Persons who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period, and excluding those Persons who timely and validly request exclusion from the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Plaintiff's Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

6. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: (a) met the requirements of due process, Rule 23 of the Federal Rules of Civil

Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 and all other applicable laws; (b) constituted the best notice practicable under the circumstances; (c) were reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement, to appear at the Settlement Hearing, to exclude themselves from the Settlement Class, as well as the binding effect of the orders and judgments in this Action; and (d) constituted due and sufficient notice to all those entitled thereto. No Settlement Class Member shall be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

7.  The Settlement is hereby approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Settlement Class Members and Defendants. All Settlement Class Members are hereby bound by this Order and Final Judgment ("Final Judgment"). The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation. In support of this finding, the Court hereby finds that: (a) prosecuting the action would be highly complex, and would require Lead Plaintiff to prove Defendants' knowledge of PTC subsidiaries' alleged wrongful acts in China over a period of almost five years; (b) there have been no objections to the Settlement or requests for exclusion; (c) the

Action was sufficiently advanced to permit Lead Plaintiff to evaluate the case and its merits; (d) there would be significant risks of establishing liability, including the risk that Lead Plaintiff would not be able to establish that Defendants did not believe in good faith that they had disclosed all relevant information to the authorities and simply did not appreciate that they had omitted to disclose relevant information; (e) there would be a risk of establishing damages, in that Lead Plaintiff may not be able to disaggregate the portion of the fall in PTC's stock price caused by the disclosure of allegedly fraudulent news, if any, from the portion caused by other non-fraud causes; (f) Defendants would challenge Lead Plaintiff's adequacy given his relatively small financial stake in the controversy; (g) under Lead Plaintiff's calculations, the Settlement recovers 4.2% of maximum total damages, which is a fair, reasonable, and adequate recovery given that this case is exceptionally difficult.

8. The Action and all of the Released Claims are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. In accordance with Paragraph 1.25 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Releasing Parties" shall mean: Lead Plaintiff, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

10. In accordance with Paragraph 1.23 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Parties" shall mean: (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or

affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, immediate family members, and anyone acting or purporting to act for or on behalf of any of them or their successors; and (c) the legal representatives, predecessors, successors and assigns of any of the foregoing.

11.  In accordance with Paragraph 1.22 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Claims" shall mean: to the fullest extent permitted by law or equity, any and all Claims by any Settlement Class Member against any of the Released Parties that (a) arise out of or are based upon any of the allegations, facts, circumstances, transactions, statements, misstatements, omissions, or subject matters that were alleged in the Action or that could have been alleged in the Action or that could in the future be alleged in any forum based upon the facts alleged in the Action; and (b) arise out of or are based upon the purchase, acquisition or sale of PTC common stock during the Settlement Class Period, *provided, however*, that Released Claims do not include Claims to enforce the Settlement Stipulation.

12.  In accordance with Paragraph 1.24 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Parties' Claims" shall mean: all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, that arise out of or are based upon the institution, prosecution, or Settlement of this

Action, including but not limited to all claims for malicious prosecution or sanctions. "Released Parties' Claims" do not include claims to enforce any of the terms of the Settlement Stipulation or the Final Judgment.

13. The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from instituting, continuing, asserting or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Final Judgment.

14. Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, Settlement Class Members and Lead Counsel from all Released Parties' Claims, and shall be permanently enjoined from prosecuting the Released Parties' Claims against Lead Plaintiff, Settlement Class Members and Lead Counsel. Nothing contained herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Final Judgment.

15. All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not pursue any Released Claims on behalf of those who are bound by this Final Judgment.

16. To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of or based upon such Person's participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

17. The Court finds that all Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

18. This Final Judgment, the Settlement Stipulation, any of their respective terms and provisions, and any negotiations, proceedings or agreements relating to the Settlement Stipulation, as well as all matters arising in connection with such negotiations, proceedings or

agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Stipulation:

    (a)    shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

    (b)    shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

    (c)    shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

    (d)    shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Stipulation; provided, however, that if the Settlement Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

    (e)    shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

    (f) shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

    (g) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

    19. The Released Parties may file or introduce the Settlement Stipulation and/or this Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to otherwise enforce the terms of the Stipulation or this Final Judgment.

    20. Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

    21. Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including to the Claims Administrator; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and any Lead Plaintiff Award; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

22. Without further order of the Court, the Defendants and Lead Plaintiff may agree in writing to such amendments, modifications, and expansions of the Settlement Stipulation, and reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation, provided that such amendments, modifications, expansions and extensions do not materially limit the rights of Settlement Class Members or the Released Parties under the Settlement Stipulation.

23. The finality of this Final Judgment approving the Settlement shall not be affected, in any manner, by rulings that the Court has made, or may in the future make, on the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses, or any award to the Class Representative, or any appeal or modification of any orders relating to the foregoing. Such matters shall be considered separate from final approval of the Settlement.

24. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

25. Lead Counsel are hereby awarded $33 \ 1/3\%$ of the Settlement Amount in fees, which the Court finds to be fair and reasonable, and $12,211.90 in reimbursement of expenses. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Lead Counsel or any other person in connection with the allocation of attorneys' fees and expenses. Lead Plaintiff is hereby awarded $2,500, which the Court finds to be fair and reasonable. The Court has reviewed Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and an Award to Lead Plaintiff, and finds that: (a) no Class Members objected to the award of attorneys' fees, reimbursement of expenses or the award to

Lead Plaintiff; (b) Lead Counsel's skill and efficiency was demonstrated by quickly reaching an excellent settlement; (c) the Action was complex; (d) there was a substantial risk that the litigation would be unsuccessful, as demonstrated by the fact that no other law firms were willing to accept the Action; (e) Lead Counsel and Liaison Counsel devoted 272.55 hours to prosecuting the Action; and (f) Lead Counsel obtained a significant benefit for the Class.

26. In the event the Settlement does not become effective in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Final Judgment shall be null and void to the extent provided by and in accordance with the Settlement Stipulation, and shall be vacated, and in such event, the provisions of Paragraph 10.6 of the Settlement Stipulation shall apply.

27. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: July 14, 2017

*William G. Young*
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE